BETTS v. AVERY et al.

(Supreme Court, Appellate Division, Third Department. December 12, 1899.)

1. ADMINISTRATORS—FINAL ACCOUNTING—DISCHARGE—SURETIES.

On an administrator's petition for a judicial settlement, he was ordered to retain the balance found due the sole heir, till the appointment of a committee of her person and estate, or "until further order in the premises." No provision was made for his final discharge as administrator. Held, that he was not released from his liability as administrator, but continued to hold the funds in that capacity, and not as trustee for the heir, and hence his sureties as administrator were not discharged.

2. SAME.

Settlement of an administrator's accounts, and a direction that he pay over to the committee of the person entitled to receive the balance found due, does not release the sureties on his bond, till he has actually paid over the money as directed, notwithstanding several years elapsed before such committee was appointed.

3. SAME—LIMITATIONS.

Where an administrator was directed, on a judicial settlement, to retain funds in his hands till further order of the court, and on a subsequent settlement he was discharged on the payment of the balance due, limitations run against an action to recover such balance from him and his bondsmen from the date of the last order.

Appeal from trial term, Greene county.

Action by Judson A. Betts, as committee of the person and property of Caroline Teats, an incompetent, against Eleanor C. Avery, executrix of the will of John Avery, deceased, and Andrew C. Fancher, impleaded, etc. From a judgment for plaintiff, defendants appeal. Affirmed.

On the 7th day of October, 1881, letters of administration on the estate of Maria Teats were granted to Joseph Earl by the surrogate of Greene county. John Avery and Andrew C. Fancher became sureties upon his bond. In January, 1883, an accounting was had upon the petition of such administrator for a judicial settlement of his accounts, and upon such accounting it was found by the surrogate that there was a balance of $4,707.97, which sum it was adjudged and decreed by the surrogate "the administrator retain in his hands until the appointment of a committee of the person and estate of Caroline Teats, an imbecile, and only heir at law and next of kin of said deceased, or until the further order in the premises; and that during such time he apply the income arising therefrom, or so much thereof as may be necessary, for the care, maintenance, support, clothing, and comfort of said Caroline Teats; and that said principal sum be paid over to the committee of her person and estate, when appointed; and that said administrator use due diligence in collecting the $500 chattel mortgage held by said estate against Gilbert Curtis, and that he be held accountable only for the amount so collected." In February, 1893, John Avery, one of the sureties upon the bond of the administrator, died, leaving a last will and testament, wherein the defendant Eleanor C. Avery was named as sole executrix. Letters testamentary were issued to her, and she has qualified and has entered upon the discharge of her duties as executrix of such estate. On or about the 10th day of May, 1897, the plaintiff was appointed a committee of the said Caroline Teats, an alleged incompetent person. On or about the 1st day of June, 1897, Joseph Earl, as administrator of the estate of Maria Teats, deceased, presented and filed in the office of the surrogate of the county of Greene an account of his proceedings from January 10, 1883, the date of the first decree, and filed a petition in writing praying for a judicial settlement of his accounts, and his discharge as such administrator. His accounts show various disbursements for taxes and insurance, and for the care and board of the said Caroline Teats; and on the 8th day of October, 1897, the surrogate made a decree wherein he found a balance of $4,562.18, which he ordered, adjudged, and decreed should be paid by the said administrator to Judson A. Betts, committee of the person and property of the said Caroline Teats, and that, upon making the payment specified in the decree, the said Joseph Earl be discharged and freed from all responsibility on account of his acts and doings as administrator. All of the defendants were made parties to such proceedings, by service of notice upon them, or by their appearance upon the accounting. A certified copy of this decree was served upon Joseph Earl, and notice of the plaintiff's appointment as the committee of the person and property of Caroline Teats; and the plaintiff demanded of him payment of the moneys directed to be paid in and by said decree, but which moneys the said Joseph Earl has failed to pay. On the 11th day of November, 1897, a transcript of said decree was filed and docketed in the office of the clerk of the county of Greene, and an execution was issued thereon, which execution has been returned wholly unsatisfied and unpaid. Leave to bring this action was granted to the plaintiff by an order of the Greene county court, dated December 3, 1897.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and KELLOGG, JJ.

Bennett & Heath (Randall J. Le Boeuf, of counsel), for appellants.
Bloodgood & Tallmadge (J. C. Tallmadge, of counsel), for respondent.

HERRICK, J. This is an action against the sureties upon the bond of an administrator. The extent of the liability of such sureties has

been stated by the court of appeals in the case of Potter v. Ogden, 136 N. Y. 384–402, 33 N. E. 233, as follows:

"Such sureties must remain liable until they can show lawful payment to parties legally entitled to receive it; and, where the sole defense is a merely technical and constructive transfer of liability from the same man in one capacity to himself in another, it is not too much to require that it should be fully and clearly established, so as to leave no doubt of the liability of the substituted sureties."

It is claimed by the appellants that by the decree of January, 1883, the administrator was released from his liability and duties as such administrator, and was constituted a trustee for the said Caroline Teats, and that he held the amount due for her as the heir at law of the deceased,—as trustee, and not as administrator,—and that thereby the sureties upon his bond became released. I do not think that contention can prevail. I do not think the decree was a final one. While it was a settling and adjustment of his accounts, there could be no final settlement, which could release the sureties upon his bond, until he had paid over the moneys in his hands to the persons entitled to receive them. I do not think that the surrogate intended it as a final settlement of the matter, because it will be observed that his direction is that the administrator retain such amount in his hands until the appointment of a committee, "or until the further order in the premises"; thus evidently contemplating that there should be further action by the court. It will be observed that the decree of 1883, unlike the decree of 1897, fails to make any provision for the final discharge of the administrator, which is customary in a final decree. Again, a settlement of the administrator's accounts, and a direction, as in this case, that he pay over to the person who is entitled to receive the same, does not release the sureties upon his bond until the administrator has actually paid over such moneys, pursuant to the direction of the surrogate, to the persons entitled to receive the same. It would be a farce to hold that the sureties were released when the administrator's accounts were settled, and he was directed what to do with the balance, and to hold that they were not liable for his thereafter misappropriating such balance. It will be observed that the court said in the case of Potter v. Ogden that such sureties must remain liable until they can show lawful payment to parties legally entitled to receive it. The only person legally entitled to receive the money in this case is Caroline Teats, or some one lawfully representing her. In this case, Joseph Earl, the administrator, was never appointed by any court to represent Caroline Teats and receive the money for her. He was simply authorized to retain the money in his hands as administrator until some person should be appointed to receive it for Caroline Teats. The fact that a number of years elapsed before any such person was appointed does not alter the situation, or relieve the sureties. The administrator and his sureties could have applied at any time for the appointment of a committee, and thus have relieved themselves of the responsibility. Section 2828, Code Civ. Proc. So too, either of the sureties could have forced a final judicial settlement of the accounts of the administrator, and thus procured their discharge. Section 2727, Id. The administrator

has never been finally discharged from his duties as such adminis-trator, and he could not be until he has paid over the moneys in his hands to the persons entitled to receive them; and his sureties were liable until he did so. The decree directed him to pay the balance of the moneys in his hands to the committee of Caroline Teats, when appointed; and the direction to retain it until such committee was appointed evidently contemplated that such retention would be mere-ly temporary, and, when such committee was appointed, if he failed to pay over the moneys, the sureties would be liable for such failure.

It is also claimed that the action against the defendants who were sureties upon the undertaking of the administrator is barred by the statute of limitations. I think that contention cannot be sustained. No right of action would accrue against such sureties until there had been a failure of duty upon the part of the administrator. As we have already seen, he was not discharged as such administrator, but was directed to retain certain moneys in his hands; and he thereafter, in 1897, rendered an account of his actions in regard to such moneys. To that proceeding Eleanor C. Avery and Andrew C. Fancher were made parties by personal service, or by appearing in the proceedings before the surrogate's court, and they are bound by its action. As far as appears from this record, no appeal has been taken from such decree, and the action here is brought against them and the adminis-trator for his failure to comply with the terms of that decree, to pay over the amount then found to be due to the plaintiff as committee of the person and property of Caroline Teats. It was at that time that the action accrued against him, and from that time the statute would commence to run.

For these reasons the judgment should be affirmed. All concur.