UNITED STATES *v.* SPIEL, Adm'r, etc.

*(District Court, D. Minnesota. August 15, 1881.)*

1. STATUTES OF LIMITATIONS.
    State statutes of limitations do not run against claims of the United States.

2. GEN. ST. MINN. *c.* 77, § 1, AND *c.* 53, § 19—JOINT JUDGMENTS.
    By chapters 77, § 1, and 53, § 19, Gen. St. Minn., a joint judgment against the deceased and others, obtained during his life-time, may, upon his death, be prosecuted against his representative alone.

Demurrer to Complaint.

*H. F. Masterson,* for demurrer.

*W. W. Billson,* U. S. Att'y, *contra.*

NELSON, D. J. This suit is brought upon a judgment obtained against David Rohrer, administrator of the estate of Henry Tilden, deceased, J. C. Ramsey, Benjamin F. Hoyt, Louis Roberts, James McBoal, D. F. Brawley, David L. Fuller, and B. W. Brunson, January 5, 1857. The administrator of J. C. Ramsey alone is now sued, and a demurrer is interposed by him to the complaint. The questions in the case raised on the demurrer are whether the action can be maintained against the representative of the deceased debtor alone; and, further, is the action barred by the statutes of Minnesota limiting the time when actions upon judgments can be brought to 10 years? The judgment was rendered against all the parties above named, and in the complaint appears to be a joint one. In my opinion (1) the statute of limitations of the state of Minnesota does not run against the United States whether the claim rests in judgment or not; (2) by the common law, on the death of Ramsey the suit upon the judgment could be brought only against the survivors.

By the statutes of Minnesota (see chapter 77, § 1, and chapter 53, § 19, Gen. St. Minn.) the estate of Ramsey is liable; and, although the judgment is joint, the liability is the same as if the judgment had been against him alone. Again, the judgment against the administrator of Ramsey would be *de bonis testatoris,* while against the surviving joint debtors it should be *de bonis propriis.* It would seem to follow, then, that the action must be brought against the administrator of Ramsey separately, and he cannot be joined with the surviving obligors. It is unnecessary, however, to go to this extent to sustain the complaint in this action, for the liability of the estate is fixed by the statute.

Demurrer overruled, with leave to answer in 20 days.