CHARLES J. BERRYHILL v. ALEXANDER M. PEABODY and Others.

May 12, 1898.

Nos. 11,028—(50).

**Estate of Decedent—Contingent Claim—Statute of Limitations—G. S. 1894, § 4514.**

A contingent claim, arising on contract, against the estate of a decedent, which does not become absolute and capable of liquidation before the time limited for creditors to present their claims to the probate court for allowance, is not barred by that part of G. S. 1894, § 4514, which provides that "no claim against a decedent shall be a charge against or lien upon his estate unless presented to the probate court as herein provided within five years after the death of such decedent."

**Contingent Joint Obligation—Action in District Court against Representative of Deceased Obligor—G. S. 1894, § 4521.**

G. S. 1894, § 4521, which provides that, when two or more persons are indebted on any joint contract, and either of them die, his estate is liable therefor, is applicable to an action brought in district court against the legal representatives of such estate, to recover an amount alleged to be due on a contingent joint obligation for the payment of money, not absolute and capable of liquidation when the time expires for the presentation of claims to the probate court.

Action in the district court for Ramsey county by plaintiff, as substituted assignee of the estate of Henry M. Bristol and another,

insolvents, against Alexander M. Peabody, the original assignee, and Charles E. Clarke and others, as executors of the will of Henry Hale, deceased. The amended complaint alleged, among other things, that the insolvents made a general assignment of their property on August 29, 1885, to defendant Peabody, who accepted such trust and filed his bond with said Hale and one Austrian, as sureties, in the sum of $32,050; that Peabody reduced the assets into money, and on May 8, 1888, distributed among the creditors, under the order of the court, $6,370.98, leaving in his possession $3,394.61; that on or about January 1, 1892, Peabody converted the $3,394.61 to his own use; that December 7, 1890, Hale died testate; that in January, 1891, his will was allowed by the probate court for Ramsey county; that the time for filing claims against his estate expired six months after February 13, 1891; that said estate has not been settled; that Austrian died March 18, 1891, and that Peabody was insolvent and had made an assignment for the benefit of his creditors.

From an order, Bunn, J., overruling a demurrer to this complaint, the executors of the will of Henry Hale appealed. Affirmed.

*Clapp & Macartney*, for appellants.

*Alva R. Hunt* and *Charles J. Berryhill*, for respondent.

CANTY, J.[1]

Counsel for appellants take the position—First, that the cause of action set forth in the complaint is barred by the limitation prescribed in G. S. 1894, § 4514; and, second, that, in any event, the obligation sued upon is a joint bond, and, under the common-law rule, the estate which they represent cannot be held.

1. It clearly appears that the claim in litigation is a contingent one, which did not become absolute or capable of liquidation prior to the expiration of the time within which creditors were required to present their claims to the probate court for allowance. And it also appears that the testator, Hale, died more than five years before the commencement of this action. Counsel's contention is based upon that clause of the section before mentioned which provides that

[1] BUCK, J., did not sit.

"No claim against a decedent shall be a charge against or lien upon his estate unless presented to the probate court as herein provided within five years after the death of such decedent."

In Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069, it was held that contingent claims, arising on contract, which do not become absolute and capable of liquidation before the expiration of the time limited for creditors to present their claims to the probate court for allowance, are not barred under the provisions of section 4511; in other words, that the only contingent claims covered by this section are such as have become certain and absolute before the time fixed by the court for the presentation of claims has expired. Other contingent claims—those which have not become absolute and capable of liquidation within the time—are not affected by this section.

Now, there is nothing in the language used in section 4514 which indicates that claims other than those which can be presented for allowance in the regular course of administration are to be governed by it, or are to be barred thereby. On the contrary, express reference is made to claims which can be thus presented and allowed, for a part of the provision is, "unless presented to the probate court as herein provided"; that is, as provided elsewhere in the Code. A contingent claim which is not absolute, and for that reason cannot be allowed by the probate court within the time prescribed, is not one to be presented to that court at any time. In fact, the contingent claim may not become absolute until more than five years after the decease. Such a claim, under the construction insisted upon by counsel, would be barred before it accrued. Obviously, the five-year limitation was designed to cover the claims provable under section 4511, and not those depending upon a contingency, and for that reason not provable at all. It was not intended to govern where the claims in question could not be presented or allowed as provided in the Probate Code because of their contingent character, when the probate court was required to act.

2. It is also contended by counsel for appellant executors that the obligation sued upon is joint, and not joint and several, and for this reason the demurrer should have been sustained. We are of

the opinion that it is immaterial whether the bond is the joint or the joint and several obligation of those who signed it. G. S. 1894, § 4521, provides:

"When two or more persons are indebted on any joint contract, or upon a judgment founded on a joint contract, and either of them die, his estate is liable therefor, and the amount thereof may be allowed by the probate court, as if the contract had been joint and several, or as if the judgment had been against him alone."

In respect to the application of this statute to the present case, counsel for appellants make the point that it has no relevancy in actions brought in the district court, but simply relates to the practice in the probate court, making that the only tribunal in which the statute is applicable. The ground for this contention is that the section in question is found in the Probate Code, not elsewhere. But we must be governed by the plain reading of the statute, that the estate of the joint debtor who has deceased shall be liable for such indebtedness, and it cannot be material that it appears in the Probate Code alone. Its purpose was to abrogate the common law, by which, at the death of one of two or more joint makers of an obligation, all remedy at law against his estate was extinguished. No action at law could then be maintained against his personal representatives, jointly or severally.

Except as to the provision that the amount due may be allowed by the probate court, this section is a transcript of a statute found in the probate codes of several other states, in which it was construed years ago as affording a clear and adequate remedy at law against the estate of deceased debtors where none existed before. Curtis v. Mansfield, 11 Cush. 152; Burgoyne v. Ohio L. Ins. & T. Co., 5 Oh. St. 586. See, also, U. S. v. Spiel, 8 Fed. 143. The words added to the original statute do not indicate a legislative purpose to deprive the creditor of his full remedy, or to confine him to proof of his claim in the probate court under section 4511. If this was the purpose, the creditor holding a contingent claim not made definite and provable under the last-mentioned section would have no right or remedy under section 4521. The statute is remedial, and must be liberally construed.

Order affirmed.