CHARLES J. BERRYHILL v. ALEXANDER M. PEABODY and Others.

June 21, 1899.

Nos. 11,583—(182).

**Failure of Creditor to Collect Debt from Principal—Release of Surety.**

The general rule as to all kinds of suretyship is that the mere passive failure of a creditor to proceed to collect a debt from the principal will not release the sureties.

**Same—Bond of Assignee in Insolvency—Laches.**

*Held*, in an action on a bond executed by an assignee in an insolvency proceeding, as principal, and by defendant's testator and by another person, since deceased, as sureties, that on the facts found by this court the creditors of the insolvents were not guilty of laches when failing to take steps looking towards the removal of such assignee, who had converted trust funds to his own use, and had also become insolvent, and towards the enforcement of the liability of the sureties on the bond.

Action in the district court for Ramsey county by plaintiff, as substituted assignee of the estate of Henry M. Bristol and M. A. McArthur, insolvents, against Alexander M. Peabody and Charles E. Clarke and others, as executors of the will of Henry Hale, deceased. The object of the action was to recover $3,394.61 for breach of a bond executed by defendant Peabody, formerly assignee of said insolvents, as principal, and by the testator of defendant executors as surety. The case was tried before Bunn, J., who found in favor of plaintiff in the amount of $2,318.06, with interest; and from a judgment entered pursuant to the findings, defendant executors appealed. Affirmed.

*Clapp & Macartney*, for appellants.

The claim of the creditors of the insolvents was not presented to the probate court within 18 months after notice of the time limited for presenting claims against decedent's estate. The creditors, knowing of the conversion, were required to take steps to have the amount ascertained. Hantzch v. Massolt, 61 Minn. 361, 367. The arrangement between the assignee and the bank abandoning the application to compel an accounting operated to discharge the

sureties from all liability, or at least from liability on account of the claim of the bank. Interest can, in any case, be allowed only from commencement of the action. Hagood v. Blythe, 37 Fed. 249; United States v. Curtis, 100 U. S. 119. The action is barred by laches. Gibson v. Rees, 50 Ill. 383; Sugar v. Fairbank, 49 N. H. 131; Paschall v. Hinderer, 28 Oh. St. 568. Laches for less than six years aided by other circumstances will bar a right. Evans Appeal, 81 Pa. St. 278; Peabody v. Flint, 6 Allen, 52. If the creditor does not observe the utmost good faith with the surety, and fails to excuse his neglect, the surety will be discharged to the extent to which he has suffered thereby. Benton v. Boddicker, 105 Iowa, 548; Continental Nat. Bank v. Heilman, 86 Fed. 514. Where laches is in issue, plaintiff is chargeable with such knowledge as he might have obtained on inquiry. Johnston v. Standard Mining Co., 148 U. S. 360; Halstead v. Grinnan, 152 U. S. 412; Hardt v. Heidweyer, 152 U. S. 547. See State v. Probate Court of Ramsey Co., 40 Minn. 296; O'Mulcahey v. Gragg, 45 Minn. 112; Hill v. Nichols, 47 Minn. 382; Smith v. Glover, 50 Minn. 58, 54 Minn. 419; Berkey v. St. Paul Nat. Bk., 54 Minn. 448; Morrison v. Arons, 65 Minn. 321; Siebert v. Quesnel, 65 Minn. 107; Brandes v. Carpenter, 68 Minn. 388.

*Charles J. Berryhill*, for respondent.

COLLINS, J.

From an order overruling a general demurrer to an amended complaint in this action, defendants appealed. The order was affirmed. 72 Minn. 232, 75 N. W. 220. Issues were then framed, and the case was tried by the court without a jury. On findings of fact and conclusions of law judgment was entered in plaintiff's favor and against each of the defendants. The appeal is taken by the defendants other than Peabody.

Stated in their chronological order, the material dates and facts are as follows: The deed of assignment for the benefit of creditors, in which Peabody was named as assignee, bore date August 29, 1885. The assignee's bond, on which Hale and Austrian were sureties, was filed in the clerk's office for Ramsey county on September 9, 1885. The order of the court requiring creditors of the insolvents, Bristol & McArthur, to file their claims bore date May 25,

1886. Peabody, the assignee, made a report to the court May 16, 1888, and at that time his account was approved, and he was directed to, and did, pay a dividend of 25 per cent. to the creditors. There was then remaining in his hands over $3,000. A judgment was subsequently obtained against him, as assignee, for a sum exceeding $1,000, and this judgment he paid January 19, 1890. The surety Hale died, testate and solvent, December 7 of the same year. His last will and testament was duly probated in Ramsey county, but the estate had not been settled at the date of the commencement of this action. Notice to file claims against Hale's estate was given in February, 1891, and no claim on account of any liability arising upon the bond in question was ever filed. Austrian, the other surety, died March 16, 1891. His estate was solvent, and was duly probated in Ramsey county. No claim was ever filed against this estate on account of the bond, and it was closed up and distributed in March, 1892. Peabody converted the trust funds to his own use January 2, 1892. A national bank in St. Paul, having a large claim against the insolvent estate, served a notice on Peabody, in December, 1892, that it would apply for an order compelling him to render his account, as assignee, and to distribute the funds in his hands, but this proceeding was abandoned under an arrangement made between the bank and Peabody for a partial payment of its claim, and the giving of security for the balance. Peabody assigned for the benefit of his creditors in December, 1893. He was then, and ever since has been, insolvent. No further steps were taken by any of the creditors of Bristol & McArthur until March, 1897, when a petition was filed, asking the removal of Peabody and the appointment of Berryhill, the present assignee. The petition was granted, and promptly, upon qualifying as assignee, Berryhill commenced this action.

1. Peabody converted the funds on January 2, 1892,—a few months prior to the expiration of the period of one year and six months mentioned in G. S. 1894, § 4509. The claim was not presented to the probate court, and for this reason defendants' counsel insist that it cannot now be enforced. But this claim did not become absolute or capable of liquidation within the one year and six months period. See Hantzch v. Massolt, 61 Minn. 361, 63 N. W.

1069. And this was practically conceded when the cause was here before. The point could there have been made, but was not. Even if it were now meritorious, it is too late to be considered.

2. It is contended that the sureties upon the bond were discharged from liability by the arrangement made between Peabody and the bank, of which we have spoken. There is nothing in this, as between the defendants and the plaintiff, who, as assignee, represents all of the creditors. The conduct of the bank may have been "reprehensible," as urged by counsel, but constitutes no defense in the present action. What rights may exist as between these defendants and the bank, arising out of the transaction, or what may be the equities as between the bank and other creditors, are not now a subject for consideration.

3. The principal part of the argument of counsel for defendants is devoted to the contention that plaintiff's claim is barred by laches on the part of the creditors of the insolvents, Bristol & McArthur, and, for this reason, we have stated the dates of the various transactions quite circumstantially, as the same were found by the court.

Among its conclusions of law, the court found that the creditors had not been guilty of laches in the matter of prosecuting the claim under the bond, and counsel for plaintiff insists that this must be set over among the findings of fact, and so treated; and that on the record here, the sufficiency of the evidence to sustain the findings not being questioned, it is conclusive on the question of laches. But it is immaterial whether this be considered a finding of fact or a conclusion of law. The facts, as found with respect to the various steps taken from the time of the assignment of Bristol & McArthur, down to the day the creditors applied for the removal of Peabody, in March, 1897, are not conclusive that such creditors were guilty of laches, and the paragraph in question is merely a logical conclusion from the facts found.

The cause of action did not accrue until the conversion in January, 1892, and the action was instituted in less than six years thereafter. True it is that the creditors of the insolvents could have compelled an accounting and distribution of the estate by the assignee at any time prior to the making of an assignment by him, but they were not obliged to take the initiative. The general rule

as to all kinds of suretyship is that the mere passive failure of the creditor to proceed to collect the debt from the principal will not release the sureties. Public notice was given of all of the proceedings in the matter of the Austrian estate and the Peabody assignment, and the defendants were in as good a position, in the eye of the law, to protect the estate, as were Bristol & McArthur's creditors to protect themselves. The defendants could have paid the amount of the liability on the bond, and then have filed a claim against the estate of the other surety, and also against the estate of the insolvent Peabody, quite as readily as could the creditors of Bristol & McArthur. They did nothing to protect the estate immediately interested in this litigation, and now invoke the doctrine of laches as against their own inactivity. They are not entitled, on the facts, to the aid of the doctrine. See Board of Commrs. of St. Louis Co. v. Security Bank of Duluth, 75 Minn. 174, 77 N. W. 815. It has been urged that the defendants knew nothing of the bond until this action was commenced; but that fact is of no materiality when considering the question of laches, which is always an equitable defense, determinable by the particular facts and circumstances of each case.

4. The trial court was right when ordering judgment for interest upon the amount appropriated from the time of the conversion. Judd v. Dike, 30 Minn. 380, 15 N. W. 672; St. Paul Trust Co. v. Kittson, 62 Minn. 408, 65 N. W. 74.

Judgment affirmed.