JUDSON A. BETTS, as Committee of the Person and Property of CAROLINE TEATS, an Adjudged Incompetent Person, Respondent, v. ELEANOR C. AVERY, Executrix, etc., of JOHN AVERY, Deceased, and ANDREW C. FANCHER, Appellants, Impleaded with JOSEPH EARL.

*Sureties on an administrator's bond — a decree directing money to be paid over to a committee when appointed does not discharge them — delay in the appointment — when a cause of action against the sureties accrues.*

A decree made on an administrator's accounting determining the balance in his hands and directing him to retain it until the appointment of a committee for an imbecile, who was the only heir at law and next of kin of the deceased, or until [the further order of the court, and to pay the same to such committee, applying the income in the meantime to the support of the imbecile, which contains no provision for the final discharge of the administrator, is not a final decree, the effect of which is to relieve the sureties on his bond from liability for the balance thereby adjudged to be in his hands.

The fact that no committee was appointed until fourteen years after the decree was rendered, does not relieve the sureties, as they might, at any time within that period, have applied for the appointment of the committee or have procured a final settlement of the accounts of the administrator and their own discharge.

The right of action against the sureties does not accrue until the administrator has failed in his duty to pay over the balance in his hands to the committee as directed by the decree.

APPEAL by the defendants, Eleanor C. Avery, executrix, etc., of John Avery, deceased, and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Greene on the 19th day of August, 1898, upon the decision of the court rendered after a trial at the Greene Trial Term, the jury having been discharged by consent of the parties.

On the 7th day of October, 1881, letters of administration on the estate of Maria Teats were granted to Joseph Earl by the surrogate of Greene county. John Avery and Andrew C. Fancher became sureties upon his bond.

In January, 1883, an accounting was had upon the petition of such administrator for a judicial settlement of his accounts, and upon such accounting it was found by the surrogate that there was a balance of $4,707.97, which sum it was adjudged and decreed by the surrogate " said administrator retain in his hands until the appointment of a committee of the person and estate of Caroline Teats, an imbecile and only heir at law and next of kin of said deceased, or until the further order in the premises; and that during such time he apply the income arising therefrom, or so much thereof as may be necessary, for the care, maintenance, support, clothing and comfort of said Caroline Teats. And that said principal sum be paid over to the committee of her person and estate when appointed. And that said administrator use due diligence in collecting the $500 chattel mortgage held by said estate against Gilbert Curtis, and that he be held accountable only for the amount so collected."

In February, 1893, John Avery, one of the sureties upon the bond of the administrator, died, leaving a last will and testament, wherein the defendant Eleanor C. Avery was named as sole executrix; letters testamentary were issued to her, and she has qualified and has entered upon the discharge of her duties as executrix of such estate.

On or about the 10th day of May, 1897, the plaintiff was appointed a committee of the said Caroline Teats, an alleged incompetent person.

On or about the 1st day of June, 1897, Joseph Earl, as administrator of the estate of Maria Teats, deceased, presented and filed in the office of the surrogate of the county of Greene an account

of his proceedings from January 10, 1883, the date of the first decree, and filed a petition in writing praying for a judicial settlement of his accounts and his discharge as such administrator. His accounts show various disbursements for taxes and insurance, and for the care and board of the said Caroline Teats, and on the 8th day of October, 1897, the surrogate made a decree wherein he found a balance of $4,562.18, which he ordered, adjudged and decreed should be paid by the said administrator to Judson A. Betts, committee of the person and property of the said Caroline Teats, and that upon making the payment specified in the decree, the said Joseph Earl be discharged and freed from all responsibility on account of his acts and doings as administrator. All of the defendants were made parties to such proceedings by service of notice upon them or by their appearance upon the accounting. A certified copy of this decree and of the plaintiff's appointment as the committee of the person and property of Caroline Teats was served upon Joseph Earl, and the plaintiff demanded of him payment of the moneys directed to be paid in and by said decree, but which moneys the said Joseph Earl has failed to pay.

On the 11th day of November, 1897, a transcript of said decree was filed and docketed in the office of the clerk of the county of Greene, and an execution was issued thereon, which execution has been returned wholly unsatisfied and unpaid.

Leave to bring this action was granted to the plaintiff by an order of the Greene County Court, dated December 3, 1897.

Upon the trial judgment was rendered against the defendants, and from such judgment the defendants Eleanor C. Avery and Andrew C. Fancher appeal to this court.

*Bennett & Heath* and *Randall J. Le Boeuf*, for the appellants.

*J. C. Tallmadge*, for the respondent.

HERRICK, J.:

This is an action against the sureties upon the bond of an administrator. The extent of the liability of such sureties has been stated by the Court of Appeals in the case of *Potter* v. *Ogden* (136 N. Y. 384, 402) as follows: "Such sureties must remain liable until they can show lawful payment to parties legally entitled to receive

it; and where the sole defense is a merely technical and constructive transfer of liability from the same man in one capacity, to himself in another, it is not too much to require that it should be fully and clearly established, so as to leave no doubt of the liability of the substituted sureties."

It is claimed by the appellants that by the decree of January, 1883, the administrator was released from his liability and duties as such administrator, and was constituted a trustee for the said Caroline Teats, and that he held the amount due for her as the heir at law of the deceased as trustee and not as administrator, and that thereby the sureties upon his bond became released. I do not think that contention can prevail; I do not think the decree a final one. While it was a settling and adjustment of his accounts, there could be no final settlement which could release the sureties upon his bond, until he had paid over the moneys in his hands to the persons entitled to receive them. I do not think that the surrogate intended it as a final settlement of the matter, because it will be observed that his direction is that the administrator retain such amount in his hands until the appointment of a committee, " or until the further order in the premises," thus evidently contemplating that there should be further action by the court.

It will be observed that the decree of 1883, unlike the decree of 1897, fails to make any provision for the final discharge of the administrator, which is customary in a final decree.

Again, a settlement of the administrator's accounts, and a direction, as in this case, that he pay over to the person who is entitled to receive the same does not release the sureties upon his bond until the administrator has actually paid over such moneys, pursuant to the direction of the surrogate, to the persons entitled to receive the same. It would be a farce to hold that the sureties were released when the administrator's accounts were settled and he was directed what to do with the balance, and to hold that they were not liable for his thereafter misappropriating such balance.

It will be observed that the court said in the case of *Potter* v. *Ogden* (*supra*) that such sureties must remain liable until they can show lawful payment to parties legally entitled to receive it.

The only person legally entitled to receive the money in this case

is Caroline Teats or some one lawfully representing her. In this case Joseph Earl, the administrator, was never appointed by any court to represent Caroline Teats and receive the money for her; he was simply authorized to retain the money in his hands, as administrator, until some person should be appointed to receive it for Caroline Teats.

The fact that a number of years elapsed before any such person was appointed does not alter the situation or relieve the sureties; the administrator or his sureties could have applied at any time for the appointment of a committee and thus have relieved themselves of the responsibility. (Code Civ. Proc. § 2323.) So, too, either of the sureties could have forced a final judicial settlement of the accounts of the administrator and thus procured their discharge. (Code Civ. Proc. § 2727.)

The administrator has never been finally discharged from his duties as such administrator, and he could not be until he has paid over the moneys in his hands to the persons entitled to receive them, and his sureties were liable until he did so. The decree directed him to pay the balance of the moneys in his hands to the committee of Caroline Teats, when appointed, and the direction to retain it until such committee was appointed evidently contemplated that such retention would be merely temporary, and when such committee was appointed, if he failed to pay over the moneys, the sureties would be liable for such failure.

It is also claimed that the action against the defendants, who were sureties upon the undertaking of the administrator, is barred by the Statute of Limitations. I think that contention cannot be sustained. No right of action would accrue against such sureties until there had been a failure of duty upon the part of the administrator. As we have already seen, he was not discharged as such administrator, but was directed to retain certain moneys in his hands, and he thereafter, in 1897, rendered an account of his actions in regard to such moneys; to that proceeding Eleanor C. Avery and Andrew C. Fancher were made parties, by personal service or by appearing in the proceedings before the Surrogate's Court, and they are bound by its action.

As far as appears from this record no appeal has been taken from such decree, and the action here is brought against them and the

administrator for his failure to comply with the terms of that decree to pay over the amount then found to be due to the plaintiff as committee of the person and property of Caroline Teats. It was at that time that the action accrued against him, and from that time the statute would commence to run.

For these reasons the judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.