PORTER J. NEFF v. LEO S. LAMM.[1]

July 27, 1906.

Nos. 14,820—(166).

**Claim against Estate—Assessment against Stockholder.**

The receiver of an insolvent corporation filed a claim in the probate court against the estate of a deceased stockholder for the amount of an assessment levied by order of the court appointing him. It is *held* that, inasmuch as the issue whether or not the corporation was of such a class that its stock was subject to assessment was not affirmatively asserted by the answer nor raised during the trial; and that inasmuch as no objection was made to the court making the order and assessment, the objection by the executor to the claim on the ground that the receiver failed in fact to introduce any evidence to prove the assessable character of the stock was without merit.

[1]Reported in 108 N. W. 849.

**Enforcement of Assessment.**
>   The proceeding in probate court was an action to enforce the order and assessment on stockholders, within the meaning of section 6, c. 272, p. 317, Laws 1899.

**Evidence.**
>   The evidence sustains the finding of fact that the deceased was a stockholder, as claimed by the receiver.

Appeal by defendant from an order of the district court for Blue Earth county, Lorin Cray, J., denying a motion for a new trial. Affirmed.

*A. E. Clark* and *Pfau & Pfau,* for appellant.

*Porter J. Neff* and *Leon E. Lum,* for respondent.


JAGGARD, J.

The plaintiff and respondent filed in the probate court of Blue Earth county a claim for $5,000 against the estate of Stephen Lamm, deceased, dated September 20, 1904. That claim was for an assessment levied by the order of the district court of St. Louis county upon the capital stock of the Motor Line Improvement Company, a defunct corporation, of which the plaintiff was receiver. It was contended that Stephen Lamm at the time of his death was the owner of fifty shares of capital stock of that corporation of the par value of $100 per share. Objections to the allowance of the claim were duly made, and the court allowed the claim in full. Appeal was taken to the district court, where, upon pleadings framed, the court, after hearing, filed findings in favor of the plaintiff. From an order denying a motion for a new trial this appeal was taken.

1. The defendant insists that because plaintiff failed in fact to introduce any evidence showing that the corporation was of such a character that stockholders were legally liable to a statutory assessment upon their stock, the plaintiff failed to make out a cause of action. The complaint alleged that the corporation was of such a character. The answer contained a general denial, and set up other defenses consistent only with the right to assess stockholders. It did not set up as a separate defense that the corporation was not of such a class that its stock was subject to statutory assessment. The course of the trial also might reasonably be construed to have waived the question.

At the hearing in the original proceedings against the corporation which are contemplated by the act providing for "the better enforcement of the liability of stockholders of corporations" (Laws 1899, p. 315, c. 272), the court is required to consider proofs entirely "as to what parties are or may be liable as stockholders of said corporation, and the nature and extent of such liability" and whether the assessment made at such hearing is necessary. The order and assessment by that court are necessarily based upon a determination that the corporation is of the class whose stock is assessable, and not of the excepted class mentioned in section 3, art. 10, Const. Minn. That section reads as follows:

> Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him.

The order and assessment in these preliminary proceedings is expressly made conclusive "as to all matters relating to the amount of, and the propriety of, and necessity for the said assessment." Laws 1899, p. 317, c. 272, § 5; Straw & E. Mnfg. Co. v. L. D. Kilbourne B. & S. Co., 80 Minn. 125, at page 136, 83 N. W. 36. Jurisdiction of the corporation is jurisdiction of the stockholders in these respects. Id. And see Great Western Telegraph Co. v. Purdy, 162 U. S. 329, 16 Sup. Ct. 810, 40 L. Ed. 986; collecting cases at page 335 of 162 U. S., page 810 of 16 Sup. Ct. (40 L. Ed. 990). Under the adjudicated construction of the act the stockholders' rights of defense are fully protected. "A person sued as a shareholder may show, if he can, that he is not a shareholder at all, or that he is not the holder of so large an amount of stock as is alleged, or that he has discharged his liability or that he has a claim against the corporation, which he may in law or equity set off against the claim or judgment in assessment, or he may make any other defense which is personal to himself." Straw & E. Mnfg. Co. v. L. D. Kilbourne B. & S. Co., supra.

It is not necessary to here decide whether the objecting stockholder should have applied directly to the court making the original order of assessment and there have raised the question of corporate character or whether he should have affirmatively pleaded the defense in these proceedings. He has done neither. The burden was on him to attack the

original order and assessment. He has not borne that burden. Nor does it appear in the record that this is a defense upon the merits. The defendant has not shown, or offered to show, that the stock was not in point of fact assessable. It is plain that authorities are not relevant which, for example, require that in a direct action on a contract to enforce stockholders' liability the articles of incorporation must be proved, as Utley v. Union, 11 Gray, 139. And see Minneapolis Harvester Works v. Libby, 24 Minn. 327. Such proceedings are direct and complete. This is a secondary proceeding based upon a previous action in which the character of the corporation and the assessability of its stock have been judicially determined.

2. It is made the duty of the assignee or receiver, appointed by the court, in the proper proceedings to institute and maintain an action or actions against any and every party liable on account of any share or shares of stock who has failed to pay the amount assessed against the same. Laws 1899, p. 317, c. 272, § 6. Defendant contends that the presentation of a claim in probate court is not an action within the meaning of that section. It is obvious that the terms "action or actions" were not used by the statutes in the technical and strict common-law sense but in the wider and more general sense current under code practice. The statute requires the collection of the assessment by appropriate proceedings. The one adopted by the receiver was the proper one to this end.

3. The court found that at the time of his death, deceased was a stockholder in the corporation. The defense claims that the evidence does not justify the finding but shows that the only interest he ever had in the stock in question was as a holder thereof as collateral security. Upon an examination of the relevant testimony we are of the opinion that it is sufficient to sustain the conclusion of the trial court, within the familiar rule on that subject.

The other assignments of error show no reason for reversing the order of the trial court, and call for no special discussion.

Order affirmed.