## CLARA MARTZ and Another v. JOHN S. McMAHON and Others.[1]

February 24, 1911.

Nos. 16,833—(193).

**Action against sureties of administrator — statute of limitations — claim against estate of deceased surety.**

> In 1896 Charles Martz died, leaving him surviving his widow, and plaintiff herein, his daughter. Defendant McMahon was duly appointed administrator of his estate with the will annexed. The final decree of the probate court, dated April 26, 1901, among other things assigned to the daughter the sum of $976.52, to be paid to her on the death of her mother, widow of decedent; the income therefrom being assigned to the widow. Thomas McMahon and defendant Connelly became sureties upon the bond of defendant McMahon as administrator. The money so assigned to plaintiff came into the hands of McMahon as administrator, and he converted the same to his own use. Neither the income nor any part of the principal were ever paid to the parties entitled thereto. In 1902 Thomas McMahon, one of the sureties on the administrator's bond, died, and defendant Bowser was appointed and is now acting as executor of his will. In 1909 plaintiff Wegge was duly appointed guardian of the daughter, still a minor, and later in 1910, said Wegge was duly commissioned trustee of the fund so assigned to plaintiff. Thereafter this action was brought to recover the amount of the fund against McMahon, the administrator, Connelly, surety on the bond, and Bowser, executor of Thomas McMahon, the other surety. On demurrer to the complaint it is *held:* (1) That the cause of action is not barred by the statute of limitations; (2) that it was not necessary to present the claim against the estate of Thomas McMahon, under section 3730, R. L. 1905; and (3) that the complaint states a cause of action within the jurisdiction of the court.

Action in the district court for Sibley county by Clara Martz, an infant, by Jacob J. Martz, her guardian ad litem, to recover $976.52, and interest, and to determine to whom the money should belong. Charles Wegge, as trustee and additional party plaintiff, served a supplemental complaint. From an order, Morrison, J., overruling

[1] Reported in 129 N. W. 1049.

the demurrer of defendant Bowser, as executor, to the supplemental complaint, he appealed. From an order overruling the demurrer of defendant Connelly to the supplemental complaint he appealed. Affirmed.

*W. H. Leeman,* for appellant Bowser.

*W. F. Odell,* for appellant Connelly.

*James Cormican,* for respondent.

[JAGGARD, J.][1]

Clara Martz, an infant, by her guardian ad litem, and Charles Wegge, trustee, as plaintiffs, brought this action against John S. McMahon, Thomas Bowser, as executor of the estate of Thomas McMahon, and Edward T. Connelly. On March 7, 1896, the defendant John S. McMahon was appointed administrator with the will annexed of the estate of Charles Martz, late of the county, deceased. The defendant McMahon executed the usual and ordinary administrator's bond as principal, and Thomas McMahon, the defendant Bowser's testator, and the defendant Connelly, executed said bond as sureties.

The Martz estate was finally settled, and the final decree was entered and filed in the probate court of said county on April 26, 1901, and at that time the defendant John S. McMahon had in his hands as such administrator the sum of $976.52, which he has ever since retained and in no manner accounted for. The final decree makes the following disposition of this fund: "Also to the said Clara Martz all of the hereinbefore described personal property, viz., the sum of $976.52. Said sum of money, however, shall not be paid to the said Clara Martz until after the decease of said Augusta Martz; but the said sum of money shall be placed at interest, and the interest accruing from the investment thereof shall be paid annually to the said Augusta Martz."

Augusta Martz is the surviving widow of Charles Martz, deceased, and is still living. Thomas McMahon, one of the sureties on said bond, died testate in said county, on April 13, 1902, and on August 19, 1902, defendant Bowser was appointed his executor and duly qualified, and ever since has been acting in that capacity, and the estate of said Thomas McMahon is still unsettled.

[1] See per curiam order on page 33.

This action was commenced against the defendant Bowser, and the summons and complaint served on him on October 30, 1909, to recover from the estate of said Thomas McMahon, said deceased surety, the sum of $976.52 in consequence of his having signed said bond as surety. Plaintiff Wegge, trustee, filed a supplemental complaint. He was appointed trustee for Clara Martz, an infant, on June 7, 1910. As a matter of fact the sum of money, $976.52, was not placed at interest, and no amount was paid, annually or otherwise, to Augusta Martz or to any one else.

The defendant Bowser demurred to the supplemental complaint on three grounds: (1) That the court has not jurisdiction of the subject-matter of said action. (2) That several causes of action are improperly united. (3) That the supplemental complaint does not state facts sufficient to constitute a cause of action. Appellant Connelly demurred on the ground that the complaint of the trustee failed to state facts constituting a cause of action. The trial court overruled these demurrers, from which order this appeal is taken.

The defendant Bowser insists that the liability of appellant's testator, Thomas McMahon, as surety on the bond of John S. McMahon, as administrator of Charles Martz, was a contingent one. Section 3730, R. L. 1905, provides that "All claims against the estate of a decedent, arising upon contract, whether due, not due or contingent must be presented to the court for allowance within the time fixed by the order or be forever barred." Section 3733, R. L. 1905, provides: "No action at law shall lie against an executor or administrator for the recovery of money upon any demand against the decedent allowable by the probate court, and no claim against a decedent shall be a charge upon his estate unless presented to the probate court for allowance within five years after his death." The same statutory provisions were in force in 1902.

It is admitted that if, after the final decree had been entered in the probate court in 1901, a trustee, appointed to take charge of the trust fund, had demanded that such fund be turned over to him, and the executor, John S. McMahon, had refused to make that payment, then there would have been a breach of his bond, and cause of action would have existed against his bondsmen. See McCloud v.

Hewlett, 135 Cal. 361, 67 Pac. 333; Betts v. Avery, 46 App. Div. 342, 61 N. Y. Supp. 525; Fay v. Taylor, 2 Gray, 154; Cluff v. Day, 124 N. Y. 195, 26 N. E. 306; U. S. v. Parker, 2 MacArthur (D. C.) 444; Hall v. Cushing, 9 Pick. (Mass.) 395; 18 Cyc. 1259.

But in point of fact no such trustee was appointed until many years later, long after the time for filing claims against the estate of Thomas McMahon had expired. Until such trustee was appointed there was no breach of John S. McMahon's bond, and there was no claim, contingent or otherwise, which the infant Martz could have filed. There was no demand or claim which could have been charged against his estate. Therefore neither section 3730 nor section 3733 applies. The fact that here there had been no breach of the bond, and that there was no claim or demand, differentiates the case at bar from the authorities to which defendant refers us. Hantzch v. Massolt, 61 Minn. 361, at page 369, 63 N. W. 1069, at page 1072, the court distinctly recites that "there was a breach of the bond." The conclusion necessarily follows that the liability of the defendant Bowser as executor to this plaintiff was not prevented by sections 3730, 3733, R. L. 1905.

2. The question then arises whether the claim which plaintiff makes is barred by the statute of limitations. The defendant insists upon the general rule "that whenever the right of action in a trustee, who is vested with the legal estate and is competent to sue, is barred by limitation, the right of the cestui que trust is also barred, and this rule applies whether the cestui que trust be sui juris or under disability during the period of limitation, or whether entitled in possession or remainder."

There is no doubt whatever as to the propriety of this rule. If, for example, in the case at bar, a trustee had been appointed, and he had failed to compel John S. McMahon to turn over the trust funds, his failure would have been the failure of the cestui que trust. That the cestui que trust would then have had an action against the trustee personally and on his bond is a matter which naturally suggests itself, but is in no wise before this court. Here, however, no trustee was appointed until in 1910. He acted promptly. The plaintiff, at the time of the death of the ancestor, was a mere infant in arms. The

law does not count her delay as involved in the statute of limitations. The same rule must be followed, if, as respondents urge, the real merit must be determined, with respect to the guardian ad litem of the infant, and the appointment of the trustee must be regarded as a mere misconception of the trial court, whose order making the appointment cannot prejudice the right of the infant.

PER CURIAM.

For the reasons given in the foregoing opinion, prepared by the late Justice JAGGARD, and in harmony with the views of the court, the order appealed from is affirmed.