IN THE MATTER OF THE ESTATE OF CHARLES VOGTEL,
DECEASED.
H. L. HOIDALE v. M. A. VOGTEL AND OTHERS.[1]

January 25, 1924.

No. 23,746.

**Enforcement of constitutional liability of decedent stockholder in probate court.**
    1. The enforcement of the constitutional liability of a decedent stockholder in an insolvent domestic corporation is properly made in the probate court, whenever an order of assessment has been made before the final settlement and distribution of the decedent's estate.

**Order of assessment conclusive.**
    2. The order of assessment is a final and conclusive adjudication that the corporation is one in which its stockholders are subject to the liability prescribed in section 3, article 10, of the Constitution.

H. L. Hoidale, receiver of the Century Milling Company, filed a claim against the estate of Charles Vogtel, deceased, in the probate court for Brown county where the executors of the estate of deceased filed objections to its allowance. The claim was allowed at $210,000. From the order allowing the claim, the executors appealed to the district court for that county where the appeal was heard by Olsen, J., who affirmed the order of the probate court. From an order denying their motion to reverse the order of the probate court or for a new trial, the executors appealed. Affirmed.

*Mueller & Erickson,* for appellants.
*Fowler, Carlson, Furber & Johnson,* for respondent.

HOLT, J.
The Century Milling Company, a domestic corporation, was duly placed in the hands of a receiver, and the court made an order in the proceeding assessing the stockholders of the corporation $100 upon

[1]Reported in 196 N. W. 939.

each share of stock held. Charles Vogtel owned 1,050 shares of common stock and 1,050 shares of preferred stock in the company. He died testate, and executors of his estate were appointed. After the time for creditors to present claims against his estate had expired, but before final settlement and distribution, the receiver of the milling company obtained leave from the probate court to file a claim against the estate upon the assessment enforcing the stockholders' liability. The claim was filed and allowed in full. Upon appeal the district court affirmed the action of the probate court. The executors appeal from the order denying a new trial.

It is first urged that the probate court had no jurisdiction to entertain the claim, that it is contingent and not provable. We think this question is foreclosed by the decisions in Hunt v. Burns, 90 Minn. 172, 95 N. W. 1110, and Neff v. Lamm, 99 Minn. 115, 108 N. W. 849. In the Hunt case the court said [90 Minn. 175]: "We concur with defendants, and hold that, as the claim matured and became absolute before the administration of the estate was finally closed and the distribution of the property made, the claim should have been presented to the probate court for allowance." The claim is not made contingent by the fact that the proceeds of the assessment may exceed the amount required for the liquidation of all claims against the company. When the assessment was made, an absolute claim of $100 on each share became due and payable from the holder of the same. Should a surplus remain after the affairs of the corporation are wound up, section 6634, G. S. 1913, provides for a pro rata return thereof to the stockholders entitled thereto.

But it is also contended that the probate court had no power to determine the defense which the executors interposed, namely, that the corporation was organized solely for manufacturing purposes and therefore excepted from the operation of section 3, article 10, of the Constitution. It is enough to state that it has been clearly determined that the order of assessment is a conclusive and final adjudication binding upon all the stockholders that the shares of stock are assessable. Phelps v. Consolidated Vermillion & Extension Co. 157 Minn. 209, 195 N. W. 923. The nonassessability of the shares

of stock was the only defense pleaded, and that was not available. The learned trial court ruled correctly.

The order is affirmed.