IN RE ESTATE OF ANNA L. SIMONS.
STATE EX REL. E. A. BENSON v. PROBATE COURT OF HENNEPIN COUNTY.[1]

June 8, 1934.

No. 29,975.

[1]Reported in 255 N. W. 241.

44

■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■

*Thomas E. Latimer,* for appellant.

*James E. O'Brien* and *Arthur P. Jensen,* for respondent.

*HOLT, Justice.*

The appeal is from a judgment of the district court discharging a writ of *certiorari* issued to the probate court.

There is no controversy as to the facts. On August 31, 1932, the Bank of Glencoe, a state bank, was taken over by relator for liquidation, and on December 2, 1932, he filed an order assessing the outstanding capital stock of the bank 100 per cent. When the bank closed and the assessment order was made, the books of the bank showed that eight shares of the bank stock were held and owned by Henry L. Simons and two by Anna L. Simons. Henry L. Simons died testate several years prior to 1923, and his estate was probated in McLeod county. Anna L. Simons was the sole legatee; but, before final distribution, Anna L. Simons died, in November, 1923, testate, and letters testamentary were granted by the probate court of Hennepin county to James E. O'Brien as executor. An order was made limiting the filing of claims to six months after December 17, 1923, and a hearing was had on claims June 17, 1924. Her estate has not been closed, and no petition has been filed asking for distribution. The final decree in the estate of Henry L. Simons, made after the death of the sole legatee, Anna L. Simons, distributed his personal estate to James E. O'Brien as executor of her estate. In May, 1933, relator's predecessor in office petitioned the probate court of Hennepin county to extend the time for filing claims against the estate of Anna L. Simons and permit the claim arising out of the assessment of said ten shares of bank stock to be filed. The petition set up the facts above stated. It was denied. *Certiorari* to

review the order issued from the district court and was on hearing discharged.

It is conceded that a claim arising from the double liability imposed by the constitution (art. 9, § 13, subd. 3) upon stockholders in a state bank is a contingent claim and so remains until, in a proceeding to liquidate the bank, it becomes necessary to enforce such liability by an assessment. As long as it remains contingent it may not be presented or allowed by the probate court against such a stockholder's estate. When an assessment is made by the state bank examiner in a proceeding to liquidate an insolvent bank, the contingent claim becomes absolute and a proper claim to enforce against the estate of a deceased stockholder, provided the time has not expired for so doing. Neither party to this appeal disputes these propositions. The question here is whether or not the time had expired for presenting or allowing any claim against the estate of Anna L. Simons based upon the assessment by relator of the holders of stock in the Bank of Glencoe. We need not consider whether the assessment against the eight shares of stock owned by Henry L. Simons could, in any event, be presented or allowed by the probate court as a claim against the estate of Anna L. Simons, for we reach the conclusion that the courts below rightly denied the claim, arising from the assessment of the two shares standing on the books of the bank in the name of Anna L. Simons, to be filed or considered as a claim against her estate.

Our statutes governing the administration of the estates of deceased persons disclose a purpose to speed settlement and distribution thereof. In our complicated business affairs a person is apt to incur varied contingent obligations. The statutes, while so drawn as not to permit the existence of such contingent claims or obligations to delay the settlement and distribution of estates of a decedent, carefully preserve to the holders thereof the right, when the claims become absolute, to enforce them against the next of kin, legatees, or devisees to the extent of the assets received by them from the estate. 2 Mason Minn. St. 1927, § 8809, directs the court, upon granting letters testamentary or of administration, to make an order limiting the time to present claims against the estate. The

discretion of the court in that respect is restricted to narrow limits, by § 8811, providing that "the court, in its discretion, may receive, hear, and allow a claim when presented before the final settlement of the administrator's or executor's account, and within one year and six months after the time when notice of the order was given." Section 8812 reads:

"All claims against the estate of a decedent, arising upon contract, whether due, or not due, or contingent, must be presented to the court for allowance, within the time fixed by the order, or be forever barred: Provided, that contingent claims arising on contract, which do not become absolute and capable of liquidation before final settlement, need not be so presented or allowed."

Section 8815 provides:

"No action at law shall lie against an executor or administrator for the recovery of money upon any demand against the decedent allowable by the probate court, and no claim against a decedent shall be a charge upon his estate unless presented to the probate court for allowance within five years after his death: Provided, that nothing in this section shall be construed as preventing an action to enforce a lien existing at the date of decedent's death, nor as affecting the rights of a creditor to recover from the next of kin, legatees, or devisees to the extent of assets received."

These statutes plainly direct the probate court, as soon as jurisdiction is taken of an estate of a decedent, to fix a limit for filing claims against it, such time not to exceed one year. However, the court is given discretionary power to permit a claim to be filed when presented before the final settlement of the executor's or administrator's account, and within one year and six months after the time when notice of the order to present claims was first given. In State ex rel. Scherber v. Probate Court, 145 Minn. 344, 177 N. W. 354, 11 A. L. R. 242, it was held that the probate court was without power to permit a claim to be presented for allowance after the expiration of one year and six months from the making of the order limiting the time to present claims, the claim being absolute and not

contingent during the time limited for filing and presenting claims. But, as to contingent claims which become absolute after the limitation has expired but before the final decree, it was held in Ebert v. Whitney, 170 Minn. 102, 212 N. W. 29, 51 A. L. R. 711, that, unless presented and allowed by the probate court against the estate of the decedent, they are barred, and no recourse can be had to the next of kin, legatees, or devisees to recover to the extent of the assets received. To the same effect is Hunt v. Burns, 90 Minn. 172, 95 N. W. 1110. It will be noted that in these cases, as well as in those therein referred to, the contingent claim became absolute within five years after decedent's death, and hence § 8815 could not be invoked. In O'Brien v. Larson, 71 Minn. 371, 74 N. W. 148, the syllabus, referring to the action of the probate court in allowing a claim presented after five years had expired since the death of the decedent, states: "The probate court erroneously allowed claims not presented within the five years"; but, because no correction of the error was sought in that court or by appeal to the district court, the allowance was held conclusive. We think Granger v. Harriman, 89 Minn. 303, 94 N. W. 869, 870, sustains the proposition that no claim may be presented or allowed by the probate court against the estate of a decedent after the expiration of five years from the date of his death. After there calling attention to this statute (§ 8815) the court said [89 Minn. 306]:

"If the next of kin neglect to apply for an administration, creditors, or others interested in the estate, may do so; and, if creditors permit the estate to go unadministered for the period of five years from the death of the intestate, their claims are as effectually barred as though an administrator had been appointed and they had failed to present them for allowance."

In fact, the wording of § 8815 is so plain, direct, and clear as to be open to but one construction when it says, "no claim against a decedent shall be a charge upon his estate unless presented to the probate court for allowance within five years after his death." The conclusion is inescapable that the probate court is prohibited from permitting a claim against an estate to be considered or allowed

unless presented or filed within five years from the death of the decedent. The act of allowance makes it a charge against the estate. If allowed, it becomes a charge to be paid out of the estate. The claim here involved was not capable of presentation as a claim against the estate of Anna L. Simons until long after the expiration of five years from her death. So, while it was barred from being allowed and paid out of the estate, § 8815 saves to the holder thereof the right to recover of the next of kin, legatees, or devisees of Anna L. Simons to the extent of assets received from the estate. Berryhill v. Peabody, 72 Minn. 232, 75 N. W. 220. The reasons for excluding contingent claims from allowance in the administration of estates is fully considered in Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069. When claims are allowed against an estate of a deceased person by the probate court, payment should follow without delay if the executor or administrator has funds available or property which may be sold under license from the court. We can readily suppose a case where an executor or administrator had paid such claims and made a partial distribution of the estate so that only a small sum remains, and then, after the expiration of five years from decedent's death, large contingent claims become absolute in the sum of many thousand dollars. In what position will the executor or administrator be placed if the probate court should allow them? Such or like considerations no doubt impelled the enactment of § 8815, which makes clear that no claim may be allowed in the administration of a decedent's estate that has not been filed in the probate court within five years after his death. Another statute (§ 8729), based on the same proposition, has existed for many years and is indicative of a legislative intent to terminate the power of the probate court in the administration of a decedent's estate to allow a claim to become a charge against the estate unless such claim is presented before the lapse of five years from his death. Fitzpatrick v. Simonson Bros. Mfg. Co. 86 Minn. 140, 90 N. W. 378.

In the following cases cited by relator the claim was asserted or could have been asserted against the estate before the expiration of five years from decedent's death. In re Estate of Mills, 34 Minn. 296, 25 N. W. 631; State ex rel. Security Tr. Co. v. Probate Court,

67 Minn. 51, 69 N. W. 609, 908; State ex rel. Musgrave v. Probate Court, 79 Minn. 257, 82 N. W. 580; Martz v. McMahon, 114 Minn. 34, 129 N. W. 1049; Hoidale v. Vogtel, 158 Minn. 106, 196 N. W. 939; Baird v. McMillan, 53 N. D. 257, 205 N. W. 682, 41 A. L. R. 177. In Hirning v. Kurle, 54 S. D. 334, 223 N. W. 212, also cited, no statute similar to § 8815 was involved or invoked. The argument that since there has been no final distribution in the estate of Anna L. Simons the probate court could pass on the claim with less expense and trouble to all concerned than if relator has to resort to a suit against the next of kin, legatees, or devisees of Anna L. Simons should not be allowed to nullify the plainly expressed provision of the applicable statute.

The judgment is affirmed.

*I. M. OLSEN, Justice* (dissenting).

The appeal presents the question of whether a contingent claim against the estate of a decedent, which becomes absolute more than five years after decedent died but before his estate is closed and while the estate is still pending in the probate court, can be allowed as a claim by that court. The majority opinion holds that the claim is barred by § 8815 of our statutes. The three sections of the statutes specifically relating to the presentation and allowance of claims against an estate are §§ 8809, 8811, and 8812. An extended analysis of these sections is not here undertaken.

Only claims based on contract are presented to the probate court. These claims are of two kinds: Claims which are direct liabilities of decedent, certain in amount or capable of determination as to amount by hearing of evidence thereon, whether due or not due at the time; and claims which are contingent, so that the liability depends on some future event which may or may not happen. If a claim is a present and certain obligation, not yet matured, it may be presented and allowed as a claim not yet due; but, if the claim depends on the happening of some uncertain future event, which may or may not happen, then it is a contingent claim and cannot be presented or proved until the event occurs and the contingency ceases.

No mention of contingent claims is made in any of the sections of the statutes noted except in § 8812. That section requires:

"All claims against the estate of a decedent, arising upon contract, whether due, not due, or contingent, must be presented to the court for allowance, within the time fixed by the order, or be forever barred."

The order there referred to is the order made pursuant to § 8809, limiting the time to be fixed for the presentation of claims to not more than one year nor less than six months. If the quoted first sentence of § 8812 is literally accepted, it would contradict and render inoperative § 8811, which provides that, for cause shown, the probate court, in its discretion, may receive and allow a claim presented before the final settlement of the executor's or administrator's account, and within one year and six months after the time when notice of the order limiting the time to present claims was given. That such is not the effect of this provision of § 8812 is well settled. Turner v. Anderson, 174 Minn. 102, 218 N. W. 456.

The first sentence in § 8812 contains a proviso reading as follows:

"Provided, that contingent claims arising on contract, which do not become absolute and capable of liquidation before final settlement, need not be so presented or allowed."

This proviso, following immediately after the statement that all claims arising upon contract, whether contingent or not, must be presented within the time limited by the order for presentation of claims or be barred, seems to me to be reasonably construed as meaning that contingent claims which do become absolute before final settlement of the account of the executor or administrator shall be presented to and may be allowed by the probate court; in other words, that the only limitation on the presentation of such claims is that they must be presented before the final settlement of the account. That this was the intention of the legislature in enacting the proviso seems to be the only reasonable conclusion. Otherwise the proviso is superfluous and has no effect. The statement that such claims "need not be so presented" can have no other meaning than that they need not be presented within the time

limited by the preceding sentence, but that they may be presented up to the time of the final settlement of the account. Ebert v. Whitney, 170 Minn. 102, 212 N. W. 29, 51 A. L. R. 711.

The remaining question is whether § 8815 limits the presentation of contingent claims so that they cannot be presented in any event after five years from the death of the debtor. That section provides:

"No action at law shall lie against an executor or administrator for the recovery of money upon any demand against the decedent allowable by the probate court, and no claim against a decedent shall be a charge upon his estate unless presented to the probate court for allowance within five years after his death."

Then follows the proviso that the section shall not prevent an action to enforce a lien existing at the time of the decedent's death nor affect the rights of creditors to recover from the next of kin, legatees, or devisees to the extent of assets received.

No mention is made of contingent claims or of the time of the settlement of the estate. The provision that no claim against the decedent shall be a charge upon his estate unless presented to the probate court within five years after his death, standing alone, might be construed to mean that contingent claims, not becoming absolute until more than five years after such death, are barred. But, as already noted, contingent claims are in a different class from other claims and are nowhere mentioned except in § 8812. Reading these sections together, it seems reasonable to conclude that contingent claims were not embraced in § 8815, nor was the question of whether the estate was closed or in course of administration therein considered. Up to this time this court has never directly passed on the question. O'Brien v. Larson, 71 Minn. 371, 74 N. W. 148, is cited, but the claims there involved were not contingent claims. State ex rel. Scherber v. Probate Court, 145 Minn. 344, 177 N. W. 354, 11 A. L. R. 242, and Gilman v. Maxwell, 79 Minn. 377, 82 N. W. 669, involve ordinary claims and the power of the probate court to extend the time on such claims beyond that limited in § 8811.

In Berryhill v. Peabody, 72 Minn. 232, 75 N. W. 220; Id. 77 Minn. 59, 79 N. W. 651, and Martz v. McMahon, 114 Minn. 34, 129 N. W.

1049, 1050, suits were brought in district court against the representative (executor in one case and administrator in the other) to recover on contingent claims which had become absolute more than five years after the death of the debtor but before his estate had been finally settled in the probate court. It was urged that the suits were barred by § 8815. This court held that the suits were not so barred. In Berryhill v. Peabody, 72 Minn. 232, 75 N. W. 220, 221, G. S. 1894, § 4514, which with but slight change in wording is now § 8815, was considered, and it was held that contingent claims which did not become absolute until after five years from the death of the decedent were not barred by that section. True, it was also there indicated that such claims were not provable in the probate court. This language was used [72 Minn. 234]:

"Obviously, the five-year limitation was designed to cover the claims provable under section 4511 [now contained in § 8812], and not those depending on a contingency, and for that reason not provable at all. It was not intended to govern where the claims in question could not be presented or allowed as provided in the probate code because of their contingent character, when the probate court was required to act."

In Martz v. McMahon, 114 Minn. 34, 37, 129 N. W. 1049, the holding was substantially the same, the court saying: "Neither section 3730 nor section 3733 [R. L. 1905] applies." These sections are substantially the same as §§ 8812 and 8815 of the present statutes.

Under these decisions a contingent claim which becomes absolute more than five years after the death of debtor but before his estate is finally settled in the probate court where administration is pending is not barred, but may be enforced by suit in the district court against the representative of the estate. Judgment recovered in such a case, I take it, will stand in the same position as an allowed claim, and, upon being filed in the probate court, will be paid out of the funds of the estate. In re Estate of Koffel, 175 Minn. 524, 222 N. W. 68. If such claims are not barred by § 8815, it would seem that the probate court should have jurisdiction to pass upon them. Its general jurisdiction extends to all claims arising on con-

tract and to be paid out of the funds of the estate. Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583. No good reason appears why claims not barred should not be presented to and passed upon by the probate court. Circuity of actions is to be avoided if possible.

In Oswald v. Pillsbury, 61 Minn. 520, 63 N. W. 1072, it was held that, where a contingent claim did not become absolute until after the time for filing claims had expired, suit could be brought thereon against the administrator, and that, upon presentation of a copy of the judgment against the administrator, the probate court could allow and order the claim paid the same as other claims, the administration of the estate not having been closed. See Neff v. Lamm, 99 Minn. 115, 108 N. W. 849, and Hoidale v. Vogtel, 158 Minn. 106, 196 N. W. 939, as to allowance of such a claim by the probate court after it has become absolute by an assessment made by the district court on a stockholder's liability.

In Hunt v. Burns, 90 Minn. 172, 95 N. W. 1110, 1111, a contingent claim became absolute after the time to present claims to the probate court had expired but before the administration of the estate had been finally closed. It was not presented to the probate court, and suit was brought against the heirs and next of kin. This court said [90 Minn. 175]:

"We concur with defendants, and hold that, as the claim matured and became absolute before the administration of the estate was finally closed and the distribution of the property made, the claim should have been presented to the probate court for allowance, and, not having been so presented, is barred."

In the case of Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069, the estate had been finally closed and the property distributed to the heirs long before the contingent claim became absolute.

In Ebert v. Whitney, 170 Minn. 102, 212 N. W. 29, 51 A. L. R. 711, it is unqualifiedly held that a contingent claim, which becomes absolute after the time limited by § 8811 for presentation to 18 months, is not barred by either that section or § 8812, but may be presented and allowed before the administration of the estate is closed. It is

further there held that, if not presented to the probate court for allowance, the claim is barred so that an action thereon against the heirs and next of kin cannot be maintained.

Up to the present time no case has been found, as far as called to my attention, where this court has held directly that a contingent claim, rendered absolute more than five years after the death of the debtor but before his estate is closed or distributed, is not provable against his estate. The trend of our decisions indicates that § 8815 does not apply to such a claim, and that, if promptly presented as soon as rendered certain and absolute and before the estate is closed, the probate court has jurisdiction and power to allow same.

It is pointed out that it is desirable that probate proceedings be expedited and estates promptly closed. But one having a contingent claim which does not become certain or absolute until more than five years after the debtor's death is under no duty and has no authority either to initiate administration or expedite it until the contingency ends. If he then uses due diligence, he should not be barred of his claim, if administration continues. He should not be charged with any delay in administration which he had no power to prevent. It is otherwise with ordinary creditors. They have power to initiate administration, if not promptly commenced by those having prior rights thereto, and they are entitled to appear in probate court and require prompt action in the settlement of the estate.

It is suggested that at the time such a contingent claim is filed there may have been a partial distribution so that the filing of another claim might result in prejudice to later distributees or to creditors. I believe the probate court has ample power and discretion to protect against any prejudice or discrimination in that respect, even to the extent of wholly disallowing such contingent claim if necessary.

The proviso of § 8815, that it shall not affect the right of creditors to recover from the next of kin, does not appear to me to be of much importance. It may well have reference to claims for torts or other

claims not provable in probate court. A contingent claim, when it becomes absolute, is a claim that can be proved.

*LORING, Justice* (dissenting).
I concur with Mr. Justice Olsen.

*JULIUS J. OLSON, Justice* (dissenting).
I am in full accord with what Mr. Justice Olsen has stated in his dissenting opinion.