GEORGE O. JORGENSON v. SIVER LARSON.[1]

December 27, 1901.

Nos. 12,779—(143).

### Agreement to Sell Land—Refusal of Vendor's Widow to Convey—Damages.

The owner of land, a married man, agreed to convey it to the plaintiff upon being paid the purchase price therefor, which was paid during the life of the vendor. The wife was not a party to the contract. The *vendor died intestate, leaving, him surviving, his widow and children.* The widow, after the death of her husband, refused to convey her third of the land to the plaintiff, who commenced this action against the vendor's administrator for damages for the loss of one-third of the land. *Held,* that this claim against the estate became absolute when the widow refused to convey her interest in the land, and, not having been presented to the probate court for allowance, this action cannot be maintained.

Action in the district court for Watonwan county against defendant as administrator of the estate of K. O. Jorgenson, deceased, to recover the value of the widow's third of a tract of land which plaintiff had purchased from defendant in his lifetime under an executory contract, which interest his widow refused to convey. The case was tried before Cray, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*W. S. Hammond,* for appellant.

*W. E. Young,* for respondent.

STÁRT, C. J.

The facts in this case, as found by the trial court, are substantially these: In the year 1885, K. O. Jórgenson was the owner of eighty acres of land in the county of Watonwan, this state, and then entered into a contract with the plaintiff for the sale of the land to him for the sum of $500, to be paid in instalments. Jorgenson was then a married man, which fact the plaintiff then

[1] Reported in 88 N. W. 439.

knew; but the wife was not a party to such contract. The plaintiff paid the full purchase price for the land to Jorgenson in his lifetime, but the latter died intestate August 28, 1898, without having conveyed the land to the plaintiff, as he had agreed to do. He left, him surviving, his widow and several children, as his heirs at law. The defendant was duly appointed administrator of the estate of the intestate October 10, 1898, and is still the duly-qualified administrator of such estate. Thereafter, and prior to August 17, 1899, the plaintiff demanded of the administrator of the estate and of the widow a conveyance of the land pursuant to such contract, but each of them then refused to so convey the land to the plaintiff. The plaintiff then commenced an action in the district court of the county of Watonwan against the administrator, widow, and children to compel specific performance of the contract. See Jorgenson v. Jorgenson, 81 Minn. 428, 84 N. W. 221.

Such proceedings were had in that action that on December 22, 1900, a judgment was entered therein requiring the defendants other than the widow to convey the land to the plaintiff, by sufficient deed, subject to the statutory right and interest of the widow, as to whom the action was dismissed on the merits. After this, and before this action was commenced, the plaintiff demanded of the defendant that he cause to be conveyed to him the undivided one-third of the land which belonged to the widow, or pay to him the damages he had sustained by the failure of defendant's intestate to so convey the land to him. This demand was refused, and this action was brought to recover from the defendant, as administrator, such damages. Such undivided one-third of the land is of the value of $800.

At the time the defendant was appointed administrator, the probate court duly made its order, due notice of which was given, limiting the time within which creditors might present claims against the estate of the intestate to six months from the date thereof, and appointing May 1, 1899, as the time for an examination and allowance of such claims. The trial court, as a conclusion of law, found that the defendant was entitled to judgment dismissing the action on the merits, and the plaintiff appealed from an order denying his motion for a new trial.

The plaintiff's assignments of error are to the effect that the trial court's conclusion of law is not sustained by the facts found. This presents the question: Was it necessary for the plaintiff to present his claim for examination and allowance to the probate court? The answer depends upon whether the claim was a contingent one, and so remained until the expiration of the time in which it could be so presented to the probate court. Conceding, without so deciding, that the action for specific performance is not, as claimed by the defendant, a bar to this action, and that the plaintiff's cause of action by reason of his vendor's breach of the contract was so far divisible that he could have specific performance of the contract as to two-thirds of the land, and prosecute a separate claim for damages for the breach as to the other one-third, we are of the opinion that such claim was not contingent after the widow refused to convey, and should have been presented to the probate court.

A contingent claim is one where the liability depends upon some future event which may or may not happen, and therefore makes it wholly uncertain whether there ever will be a liability. Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069. The case cited, which was an action against the sureties on a guardian's bond, is an apt illustration of a contingent claim. In such a case, whether there is any claim or not, or ever will be, depends upon the result of the final settlement of the guardian's account in probate court. If such accounting demonstrates that there is nothing due from the guardian, there is no cause of action against the sureties on his bond; otherwise there is. Or, in other words, whether there is or ever will be a claim against the sureties depends upon an uncertain future event; that is, the result of the accounting by the guardian in the probate court. A contingent claim against the estate of a deceased person, as thus defined, need not be presented to the probate court for examination and allowance, unless the event whereby it becomes absolute occurs before the expiration of the time within which claims may be presented to such court for allowance. If the event does so occur, the claim must be so filed, or it will be barred. Hantzch v.

Massolt, supra; Fitzhugh v. Harrison, 75 Minn. 481, 78 N. W. 95; Backus v. Ames, 79 Minn. 145, 81 N. W. 766.

Now, in this case, the plaintiff's claim against the estate of his vendor for damages for the breach of the contract to convey the land became absolute when the widow refused to convey the one-third of the land vested in her by the death of her husband. He then knew that he could not compel specific performance as to this one-third, and that his only remedy was a claim for damages against the estate. Such claim was just as absolute when the widow refused as it was when the judgment in the action for specific performance was entered. The plaintiff, however, contends that he could not know until the decision in his equitable action whether the court would hold his acts of part performance sufficient to take his contract out of the statute of frauds and make it one that could be enforced; therefore it was contingent. Or, in other words, he could not know whether he could prove a valid contract to the satisfaction of the court until it actually decided the case. If this makes it a contingent claim, then every claim before judgment thereon is a contingent one, and need not be presented to the probate court, because the result of a lawsuit is always attended with uncertainties. The contingency which the plaintiff suggests is not as to whether he had or had not a claim, but as to the proof of the claim. If the plaintiff ever had any claim against the estate of his vendor for the loss of the widow's third of the land which he could assert against the estate independently of his action for specific performance, it became an absolute and provable one in the probate court when the widow refused to convey.

Order affirmed.