CHARLES J. BERRYHILL v. ALFRED GASQUOINE.[1]

January 16, 1903.

Nos. 13,193—(209).

### Opening Judgment—Claim of Owner of Real Estate Sold.

Conceding that Laws 1887, c. 61, removed the distinction between classes of judgments, as defined in Lord v. Hawkins, 39 Minn. 73, and that such amendment had the effect of only limiting the rights of innocent purchasers, and conceding that the right of action in the original owner of real estate sold in pursuance of such judgment was not affected by the amendment, *held*, the demand of such owner, if any, rests upon the implied promise to return the property or its value in case the judgment upon which it was based should be set aside, and that such claim arises out of contract, and cannot be recovered in an action, but must be filed as a claim when the probate court has jurisdiction of the estate.

Action in the district court for Ramsey county by plaintiff, as administrator of the estate of William G. Whitacre, against defendant, as administrator of the estate of Samuel D. Lord, to recover the value of certain land belonging to Whitacre which

[1] Reported in 92 N. W. 1121.

was sold by Lord during his lifetime, while believing himself to be the owner thereof. The case was tried before Jaggard, J., who found in favor of defendant. From a judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*Charles J. Berryhill,* pro se.

*A. R. Capehart,* for respondent.

LEWIS, J.

In 1883 Samuel D. Lord, having acquired tax titles to certain premises which had belonged to William G. Whitacre, brought an action in the district court to quiet his title thereto, and judgment was entered adjudging Lord to be the owner thereof. A certified copy of this judgment was recorded in the office of the register of deeds on October 8, 1883, and in April, 1885, Lord sold the property to one Martin, an innocent purchaser for a valuable consideration. In 1888 the judgment in Lord's favor was set aside by the district court, and Whitacre was permitted to defend the action. A trial resulted, and in 1889 it was adjudged that Whitacre was the owner, and that Lord's claim was invalid. Mr. Lord died on November 27, 1899, leaving a will, which was duly proved and allowed in the probate court; and the time for filing claims against the estate expired on August 6, 1900, and no claims or demands were presented. Thereafter this action was begun by the representative of Whitacre, the original owner of the property, against the administrator of the Lord estate, for the purpose of recovering the amount received by Lord upon the sale of the premises to Martin in 1885.

Under the doctrine of Lord v. Hawkins, 39 Minn. 73, 38 N. W. 689, Whitacre and his successors possessed no right of action based upon the sale by Lord to Martin. Laws 1887, c. 61, amending G. S. 1878, c. 66, § 125 (G. S. 1894, § 5267), reads:

"Provided, however, that no relief to be granted hereunder shall operate to affect any title to or estate in real estate affected by such judgment, as against a bona fide purchaser or incumbrancer, in any case where such judgment, or a certified copy thereof, shall have been of record in the office of the register of deeds of the county wherein such real estate is situated for a period of not less than three years prior to the date of the application for such

relief; but nothing herein contained shall operate to prevent the granting of such relief as may be just and equitable against a party to such action, his heirs or devisees."

We shall assume, without deciding, that the effect of this proviso was to remove the distinction between the classes of judgments as defined in the case of Lord v. Hawkins, and that after the proviso went into effect there could be no innocent purchaser, except as specified therein. We shall also assume that what liability may have existed on the part of Lord was in no manner changed or affected by the amendment, the only purpose of which was to limit the time and conditions under which a purchaser could be protected. Conceding that a right of action arose in favor of Whitacre upon the sale of the property by Lord, it only remains to determine what the nature of that obligation was. Clearly, it was that of an action for money had and received under the implied promise to restore the property or its value which had been received by Lord by reason of an erroneous judgment which was afterwards vacated. The relation was ex contractu. There was no element of fraud in the transaction on the part of Lord. He had a perfect right to sell the property and take his chances upon the validity of the court's judgment, and, if that judgment should prove erroneous, he would be required to restore only what he received. The demand, if any existed, should have been filed as a claim against the estate within the time limited by the probate court. Jorgenson v. Larson, 85 Minn. 134, 88 N. W. 439.

Judgment affirmed.