### WILLIAM F. HUNT v. HUGH BURNS and Others.[1]

#### July 3, 1903.

#### Nos. 13,554—(159).

**Construction of Statute.**

Statutes creating a liability where none otherwise existed are to be strictly construed and applied.

**Claim, against Estate of Decedent—Liability of Heirs.**

The heirs of a deceased person, whose estate they inherit and receive, are not liable to his creditors, under G. S. 1894, § 5918, et seq., upon a claim which, though contingent during the time limited for presenting claims to the probate court, matured and became absolute before the administration of the estate was closed and final decree made, unless presented to the probate court for allowance.

**Omission to File Contingent Claim.**

If in such a case the claim become absolute before the final distribution of the estate by the probate court but after the time limited for presenting claims, application should be made to the probate court for leave to present and file the same against the estate.

Action in the district court for Ramsey county by plaintiff, as receiver of Allemannia Bank, insolvent, to recover from defendants, the heirs and next of kin of Hugh Burns, deceased, an assessment of $500 levied upon five shares of stock of the insolvent bank owned by decedent at the time of his death. The case was tried before Jaggard, J., who directed a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendants appealed. Reversed.

[1] Reported in 95 N. W. 1110.

*Stevens, O'Brien & Albrecht,* for appellants.

The defendants were not stockholders in the Allemannia Bank. If they were not stockholders, the assessment proceedings did not apply to them and no action can be maintained against them upon the assessment. They did not become vested with the personal property of their ancestor except as they received it and accepted it under the decree of the probate court. State v. Probate Court, 25 Minn. 22; Straw & Ellsworth Mnfg. Co. v. Kilbourne, 80 Minn. 125.

The order of assessment was made April 3, 1901. From that date, the plaintiff, if he had any cause of action at all against these defendants, had a cause of action which was absolute and not contingent and one which was capable of being presented and passed upon in the probate court. Hantzch v. Massolt, 61 Minn. 361; Gilman v. Maxwell, 79 Minn. 377.

*James E. Trask* and *Charles H. Taylor,* for respondent.

Laws 1899, c. 272, is applicable to all liability upon or on account of any stock, whether of those in whose name the stock stands on the books of the corporation or of the heirs or next of kin of deceased stockholders. The liability of the representative of a deceased stockholder not only does not differ in nature or kind from that of a stockholder, but it is the same liability to the extent of the distributive share received; and the representatives, heirs and next of kin of a deceased stockholder are literally included among those whom the receiver is directed to sue by the language of the order, that the "receiver proceed to collect the several amounts due from the several persons or parties liable as stockholders under the terms of said order." The actions in such cases are against the defendants not in their individual capacity, but rather as representatives of the estate of deceased stockholders to the extent of the distributive shares received by each. Willoughby v. St. Paul German Ins. Co., 80 Minn. 432; McCampbell v. Henderson, 50 Tex. 601; Bailey v. Hollister, 26 N. Y. 112; Matteson v. Dent, 176 U. S. 521; Dent v. Matteson, 70 Minn. 519; Hunt v. Grant, 87 Minn. 189.

The order of probate court limiting the time to present claims against an estate can have no application to such claims as arise, or become absolute and capable of being proved, after the time so limited has ex-

pired. The order of limitation does not contemplate such claims or require them to be presented. The holder of a claim so arising or becoming absolute after the time limited for presenting claims could not by petition or otherwise have such claim allowed, as a matter of right, and it is doubtful if the probate court would or could permit such claim to be filed as a matter of discretion. It cannot be argued that the plaintiff has lost his right to enforce his claim against the heirs and next of kin of deceased because, forsooth, he does not appear to have resorted to the doubtful expediency of addressing such an application to the discretion of the probate court. McKeen v. Waldron, 25 Minn. 466.

BROWN, J.

Action by plaintiff, as ʳeceiver of an insolvent bank, to enforce an assessment upon the stockholders, in which plaintiff had judgment, and defendants appealed from an order denying their motion for a new trial.

The facts are as follows: The Allemannia Bank was a banking corporation organized under the laws of this state. It became insolvent— unable to pay and discharge its obligations—and, in proceedings to wind up its affairs, plaintiff was appointed its receiver. He duly qualified and entered upon the discharge of the duties of his trust, and is now acting as such. The assets of the bank being insufficient to pay its debts, the district court, under Laws 1899, p. 315 (c. 272) duly made an order assessing the stockholders in the sum of $100 on each and every share of capital stock held by them. Hugh Burns was in his lifetime the owner of five shares of such stock, and was such owner when he died, in September, 1900. The defendants in this action are his heirs and next of kin, and this action is brought to enforce the liability created by G. S. 1894, §§ 5918–5925, inclusive; the estate having been distributed to them by the probate court. The claim arising from the assessment of the stock was never presented to the probate court for allowance in the proceedings involving the administration of Burns' estate, and it is claimed by defendants that this failure defeats the right of action given by the statutes referred to. This presents the only question in the case we deem it necessary to consider.

It appears that Burns died in September, 1900, and that his estate

was fully administered and a final decree of distribution made on May 12, 1901. At the time of filing the petition in the probate court for the appointment of an administrator, an affidavit was presented and filed to the effect that there were no debts against deceased; and under the provisions of Laws 1899, p. 84 (c. 82) the court, on December 1, 1900, made an order limiting the time for creditors to present claims to three months from the date of the order. The time expired on March 1, 1901. The estate was not, however, fully administered until May 12, following the date of the order assessing the stock, at which time a final decree was made, assigning the estate to defendants.

Sections 4511, 4514, G. S. 1894, were construed in connection with sections 5918-5925, inclusive, in the case of Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069, and it was held unnecessary to file for allowance with the probate court contingent claims against a deceased person, in order to vest in a creditor the right to maintain the statutory action against the heirs; that such action might be maintained upon a contingent claim, whether it was filed with the probate court or not. It is contended that as the liability of deceased, Burns, was contingent until the date of the order made by the district court assessing the stock held by him, and that as it remained contingent until after the time fixed by the probate court for presenting claims had expired, it was unnecessary to present or file the same for allowance, while it is insisted by defendants that, as the claim became liquidated and absolute prior to the final settlement of the estate, it should have been presented, and that the failure to do so is a bar to plaintiff's right of action. We concur with defendants, and hold that, as the claim matured and became absolute before the administration of the estate was finally closed and the distribution of the property made, the claim should have been presented to the probate court for allowance, and, not having been so presented, is barred.

This is practically what we held in the case of Jorgenson v. Larson, 85 Minn. 134, 88 N. W. 439. In that action it appeared that the deceased had entered into a contract for the sale of a tract of land owned by him, and he died without having performed the same. His wife did not join in the contract, and after his death refused to perform it. It was held that, until her refusal to perform, the claim for a breach of contract was unliquidated and contingent, but that it became absolute

upon such refusal. It appeared in that case that an administrator was appointed in October, 1898; that on December 1 the probate court made an order fixing the time for presenting claims against the estate at six months from that date, which time expired about May 1, 1899. The widow refused to carry out the contract to convey the land on or about August 17 following—some four months after the expiration of the time limited for presenting claims. The court held the right of action barred, for the reason that the claim was not presented to the probate court for allowance. At the time the claim became absolute, the proceedings in the probate court were, as in the case at bar, still pending, and final decree was not made for some time thereafter. That decision is controlling in the case at bar, and we follow and apply it.

The case of McKeen v. Waldron, 25 Minn. 466, is not in point, for the claim there involved remained contingent, and did not mature and become absolute pending the administration of the estate, as in the case at bar. The liability here sought to be enforced is exclusively statutory. It does not exist at common law, and the general rule that statutes creating liabilities are to be strictly construed must be applied. Sutherland, St. Const. § 371. Rights created and liabilities imposed by statute where none otherwise exist, dependent upon compliance with certain imposed conditions, may be enforced only when the conditions are complied with. Lane's Appeal, 105 Pa. St. 49; O'Reilly v. Bard, 105 Pa. St. 569; Chicago v. Sturgis, 44 Mich. 538, 7 N. W. 213.

The section of the statutes creating the liability sought to be enforced in this action, viz., G. S. 1894, § 5918, et seq., must be construed in connection with sections 4511, 4514. The liability created by the former is dependent upon a compliance with the provisions of the latter, as respects the presentation of the claim to the probate court. If such sections be not complied with by the proper filing of the claim in that court, no liability exists. Hantzch v. Massolt, supra. It is not important that the time limited by the probate court for presenting claims had expired when the claim became absolute, for plaintiff could have applied to that court to be relieved, and for leave to file and present the same, and we must assume that an application properly made would have been granted. An application of the kind made under circumstances like those here presented would be granted almost as of

course. So that, as the claim in question became absolute before the estate of Burns was finally closed and final decree entered, and was not presented for allowance to the probate court, the heirs are not liable.

Order reversed and new trial granted.