AMERICAN FUEL CO. OF UTAH v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 3432.   Decided January 28, 1920.   (187 Pac. 633.)

MASTER AND SERVANT—EMPLOYER PROCURING INSURANCE PROVIDED FOR BY WORKMEN'S COMPENSATION ACT NOT RELEASED FROM LIABILITY. Under Comp. Laws 1917, sections 3113, 3114, 3116-3119, and sections 3126 and 3134, the employer is primarily liable for compensation to an employé, and the fact that the employer has complied with section 3114 by insuring payment of compensation does not relieve the employer where the insurer is insolvent; default of either employer or insurer not excusing payment by the other.

Proceedings for compensation by Theras Lappas, employé, opposed by the American Fuel Company of Utah, employer.

Award for claimant, and the employer petitions for a writ of certiorari directed to the Industrial Commission of Utah.

PETITION DISMISSED.

*Dey, Hoppaugh & Mark,* of Salt Lake City, for plaintiff.

*Dan B. Shields,* Atty. Gen., and *O. C. Dalby, James H. Wolfe,* and *H. Van Dam, Jr.,* Asst. Attys. Gen., for defendants.

WEBER, J.

Plaintiff, a corporation under the laws of Utah, procured the issuance by this court of a writ of certiorari directed to defendants. In its petition plaintiff, inter alia, alleges that on April 21, 1919, Theras Lappas filed an application with the Industrial Commission praying for compensation for personal injuries suffered by accident arising out of and in the course of the employment of said applicant by the American Fuel Company, the plaintiff; that on the 26th of September, 1919, a formal hearing was had before the Industrial Commission when the plaintiff appeared and presented evidence showing that it had complied with the requirements of section 3114, Comp. Laws Utah 1917, and had secured compensation to its employés by insuring and keeping insured the payment of said compensation in the Guardian Casualty & Guaranty Company, a stock corporation, authorized to transact the business of workmen's compensation insurance in this state, and that on said date petitioner held a binding policy of insurance in said Guardian Casualty & Guaranty Company executed and delivered to it in conformity with the provisions of the Workmen's Compensation Act; that the policy covered the payment of compensation to all of its employés at its mines at Neslen, Utah, including the applicant, Theras Lappas; that said policy was in full force and effect at the time of said accident, to wit, July 25, 1917; that the Guardian Casualty & Guaranty Company recognized its liability to the applicant and for a considerable period of time made payments to him, as compensation and hospital expense, to an amount in excess of $550; that the Guardian Casualty & Guaranty Company does not deny its liability, but that said company is in the hands of a receiver; that on October 29, 1919, the Industrial

Certiorari.   Petition Dismissed.

Commission made and entered its award and order requiring petitioner to pay to the applicant the sum of $968.95 as compensation for said injuries; that on November 22, 1919, the petitioner made application for rehearing before the Industrial Commission on the ground that the Industrial Commission was without jurisdiction to order petitioner to pay the award and that said commission acted in excess of its powers in making and entering said award.

Defendants have filed a demurrer to the petition on the ground that the facts therein stated are not sufficient to constitute a cause of action. It is the claim of petitioner that by procuring insurance it was relieved from all liability to pay compensation to its injured employé, and that the sole liability to pay the compensation ordered by the commission devolved upon the Guardian Casualty & Guaranty Company, the insolvent insurance carrier.

Comp. Laws Utah 1917, sections 3113 and 3114, are as follows:

"Sec. 3113. If a workman receives personal injury by accident arising out of and in the course of his employment, his employer or the insurance carrier shall pay compensation in the amounts and to the person or persons hereinafter specified.

"Sec. 3114. Employers, but not including municipal bodies, shall secure compensation to their employés in one of the following ways:

"(1) By insuring and keeping insured the payment of such compensation with the state insurance fund; or

"(2) By insuring and keeping insured the payment of such compensation with any stock corporation or mutual association authorized to transact the business of workmen's compensation insurance in the state; or

"(3) By furnishing to the commission satisfactory proof of financial ability to pay direct the compensation in the amount and manner and when due as provided for in this title.

"In the latter case the commission may in its discretion require the deposit of acceptable security, indemnity, or bond to secure the payment of compensation liabilities as they are incurred. All stock corporations or mutual associations transacting the business of workmen's compensation insurance in this state under the terms of subdivision 2 of this section shall be subject to the rules and regulations of the commission with respect to rates to be charged, and methods of compensation to be used."

What is meant by the words "employers shall secure compensation to their employés"? Does it mean they shall obtain an insurance policy and thereby be relieved of all responsibility to the employés who have no voice in making the selection of the insurance carrier? Or does it not plainly appear, both from the letter and the spirit of the law, that the employer "shall secure"—make sure, make more certain—the payment of compensation, leaving the obligation still that of the employer? The primary obligation on the part of the employer is to pay compensation when awarded. Insurance is incidental, though important. It is necessary because employers sometimes fail in business and because payments to injured employés or their dependents are frequently distributed over long periods of time. To make more certain the prompt payment of these awards the insurance feature was provided by the law. In harmony with section 3114 is section 3116, which reads:

"Every policy of insurance covering the liability of the employer for compensation, whether issued by the commission or by a stock company, or by a mutual association authorized to transact workmen's compensation insurance in this state, shall cover the entire liability of the employer to his employés covered by the policy or contract, and also shall contain a provision setting forth the right of the employés to enforce in their own names, either by, at any time, filing a separate claim or by, at any time, making the insurance carrier a party to the original claim, the liability of the insurance carrier in whole or in part for the payment of such compensation; provided, however, that payment in whole or in part of such compensation, by either the employer or the insurance carrier, shall, to the extent thereof, be a bar to the recovery against the other of the amount so paid."

Why provide that the employé file a separate claim against the insurance carrier if the employer is not liable, and why make the insurance carrier a party to the original claim? Why provide that payment, in whole or in part, by either the employer or the insurance carrier, shall, to the extent thereof, be a bar to the recovery against the other of the amount so paid, unless both are liable?

Section 3117 provides:

"Every such policy and contract shall contain a provision that,

as between the employé and the insurance carrier, the notice to or knowledge of the occurrence of the injury on the part of the employer shall be deemed notice or knowledge, as the case may be, on the part of the insurance carrier; that jurisdiction of the employer shall, for the purpose of this title, be jurisdiction of the insurance carrier, and that the insurance carrier shall in all things be bound by and subject to the orders, findings, decisions, and awards rendered against the employer for the payment of compensation under the provisions of this title."

If the employer is relieved from liability when he procures his insurance, why should an award be rendered against him? The employer is the one against whom jurisdiction must be obtained, and the insurance company is bound by the orders and awards against the employer, whose primary liability seems to be recognized by the section just quoted.

Section 3118 reads:

"Every such policy and contract shall contain a provision to the effect that the insolvency or bankruptcy of the employer, and his discharge therein, shall not relieve the insurance carrier from the payment of compensation for injuries or death sustained by an employé during the life of such policy or contract."

Discussing the above section, the Attorney General aptly says in his brief:

"In considering this section the thought immediately occurs why, if the employer is not liable, provide that insolvency or bankruptcy shall not relieve the insurance carrier? If he was never liable, under the plaintiff's theory, why should his insolvency or solvency, bankruptcy or prosperity, make any difference in its effect upon the insurance carrier? This section was inserted to save the situation from the principle that an insolvency or bankruptcy, or a discharge therefrom, of the employer should relieve the insurance carrier. But why should it be necessary to save the situation from such a legal principle if the carrier were, from the beginning, the only and original one liable? Why speak of him not being released on the contingency of the employer being unable to pay because of insolvency or bankruptcy, if the employer was never liable, regardless of him being solvent or insolvent, bankrupt or flourishing?"

Section 3119 is as follows:

"Each county, city, town, or school district which is liable to its employés for compensation may insure in the state insurance fund or pay compensation direct."

If a county, city, town, or school district procures insur-

ance, it certainly is not absolved from its primary liability to pay compensation, and yet there is no difference as between private and public employers; both are liable for compensation; but the public employer is exempt from the obligation to secure such payment. Otherwise their obligations are the same.

Section 3126 is as follows:

"If a workman who has been hired in this state receives personal injury by accident arising out of and in the course of such employment, he shall be entitled to compensation according to the law of this state as provided for in this title, even though such injury was received outside of this state. If a workman who has been hired outside of this state is injured while engaged in his employer's business, and is entitled to compensation for such injury under the law of the state where he was hired, he shall be entitled to enforce against his employer his rights in this state if his rights are such that they can reasonably be determined and dealt with by the commission and the court in this state."

The provision that the employé shall be entitled to enforce his rights against his employer is another recognition of the principle that the employer is primarily liable for compensation. This thought is emphasized in section 3132, which reads, in part:

"The right to recover compensation pursuant to the provisions of this title for injuries sustained by an employé shall be the exclusive remedy against the employer. * * *"

Section 3134 reads:

"Every employé, or his legal representative in case death results, who makes application for an award, or accepts compensation from an employer, waives his right to exercise his option to institute proceedings in any court. Every employé, or his legal representative in case death results, who exercises his option to institute proceedings in court, as provided in this title, waives his right to any award or direct payment of compensation from his employer."

It will be noticed that this section uses the words "compensation from an employer" and "direct payment of compensation from his employer"—not from the insurance carrier.

Section 3127 provides that employers who comply with the provisions of section 3114 shall not be liable to respond in damages for injuries sustained by their employés not result-

Certiorari.  Award Annulled.

ing in death. If, by complying with section 3114 and obtaining insurance, relieves the employer from all liability, as contended by plaintiff, why say he ''is not liable to respond in damages,'' leaving the unavoidable inference that he is still liable for compensation?

Reading the statute as a whole, and considering all of its provisions, the plain and unmistakable import of the language of the act compels the conclusion that the right to compensation arises out of the relation existing between employer and employé; that compensation is a tax upon industry or upon the employer's business, a tax that is added to the price of the product and is ultimately paid by the consumer; that the employer is primarily liable for compensation to the employé; that both employer and insurance carrier are liable for the payment of compensation to the injured employé; and that the default of either will not excuse payment by the other.

The demurrer to the petition is therefore sustained; plaintiff's petition is dismissed, and the commission's award is affirmed. Plaintiff to pay costs.

CORFMAN, C. J., and GIDEON and THURMAN, JJ., concur.

FRICK, J., being disqualified, did not participate herein.