GEORGE H. EBERT v. ALICE W. WHITNEY AND ANOTHER.[1]

January 28, 1927.

No. 25,726.

**When contingent claim against estate, which becomes absolute before its settlement, is barred.**
    A claim against a decedent, which becomes absolute after the time limited by G. S. 1923, § 8811, but before final settlement of his estate, is barred unless presented to the probate court.

Executors and Administrators, 24 C. J. p. 328 n. 34.

Plaintiff appealed from an order of the district court for Stearns county, Roeser, J., denying his motion for a new trial. Affirmed.
    *Paul Ahles* and *Courtney & Courtney*, for appellant.
    *John D. Sullivan* and *John S. Frame*, for respondents.

[1]Reported in 212 N. W. 29.

QUINN, J.

This is an appeal by plaintiff from an order of the district court denying his motion for a new trial.

Albert G. Whitney died at his home in Stearns county on January 13, 1922, testate. He left a large amount of property in that county and elsewhere and quite an amount of liabilities. His wife, Alice W. Whitney, was named in his will as sole legatee of his estate. On February 14, 1922, the will was admitted to probate in that county, letters testamentary were issued to Mrs. Whitney and the usual notices to creditors to file claims were given and from time to time extended until March 19, 1923. All claims presented and allowed were paid and on January 14, 1925, the probate court issued its final decree assigning all property then belonging to the estate to the sole legatee and closed the administration of the estate.

At the time of his death, decedent was a stockholder in the National Mining Company. The district court of St. Louis county duly appointed plaintiff receiver to sequester its property and enforce the liability of its stockholders for the purpose of liquidation on account of its insolvency. On June 28, 1924, the court made an order levying an assessment against all of the stockholders and allowing them 40 days in which to pay the same. Appellant's claim was contingent until made absolute by such order of June 28, 1924, which was long after the period of 18 months fixed by § 8811 for filing claims had expired and six and one-half months before the administration of the Whitney estate was closed.

This action was brought to enforce the double liability against a legatee of a deceased stockholder in an insolvent corporation. No finding of fact is challenged except the one that "the receiver had due notice of the death of said Whitney and the administration of his estate." That finding is not here material for it is clear that appellant knew of the pendency of the administration in the probate court long before the decree of distribution was made. He unsuccessfully applied to the probate court for leave to file his claim after it had become absolute as appears from the decision in State ex rel. Ebert v. Himsl, supra, page 101.

The question here presented is one of law, viz: Was the enforcement of this cause of action solely with the probate court? It was a contingent claim and hence cannot be considered barred by the 18 months' limitation provided by G. S. 1923, §§ 8811, 8812. The decision in State ex rel. Scherber v. Probate Court, 145 Minn. 344, 177 N. W. 354, 11 A. L. R. 242, does not apply. The claim became absolute and provable in the probate court on June 28, 1924, over six months before final settlement and distribution. Section 8812 provides that all claims against the estate of a decedent, arising upon contract, whether due, not due, or contingent, must be presented to the probate court for allowance within the time fixed by the order, or be forever barred. Provided, that contingent claims, arising on contract, which do not become absolute or capable of liquidation before final settlement, need not be so presented or allowed. This court has construed this statute as barring contingent claims which have become absolute after the 18 months' limitation has expired but before the final settlement of the estate. Hunt v. Burns, 90 Minn. 172, 95 N. W. 1110. The decision in the case cited is decisive against the contention of appellant. This court cannot review the action of the probate court denying appellant's application for leave to file his claim upon this appeal.

Affirmed.