# MINNEAPOLIS TRUST COMPANY AND ANOTHER v. EUGENIA A. BIRKHOLZ.[1]

July 15, 1927.

No. 26,133.

**Wife's claim against husband's estate was absolute and probate court acquired jurisdiction of it as a whole.**

1. Under a contract which obligated a husband, in case his wife obtained a divorce from him, to pay her a certain sum per month as long as she lived in lieu of alimony and for a release of an existing contract for the wife's maintenance, the wife, upon the death of the husband after a decree of divorce was entered, had an absolute and not a contingent claim against the husband's estate. Payments which fell due after the expiration of the time allowed creditors to file claims and before the administration of the estate was closed could be made the basis of allowable claims in the probate court and presented by way of statements supplemental to the claim originally filed, without notice to the personal representatives.

**On appeal from probate court, issue in district court is the same.**

2. On appeal from the probate to the district court, the issue is the same as it was in the probate court. If the order appealed from was right when made, it cannot be reversed on appeal.

**Statute inapplicable when estate has not been shown to be insolvent.**

3. In the absence of a showing that an estate is insolvent, G. S. 1923, § 8827, has no application to claims.

Contingent, 13 C. J. p. 114 n. 13, 15.
Courts, 15 C. J. p. 1023 n. 92 New.
Executors and Administrators, 24 C. J. p. 325 n. 27; p. 330 n. 43 New; p. 421 n. 12.
Pleading, 31 Cyc. p. 606 n. 26, 28, 30 New; p. 669 n. 57.

See note in 2 L.R.A.(N.S.) 241; 18 A. L. R. 1055; 1 R. C. L. 934; 4 R. C. L. Supp. 64.

[1]Reported in 215 N. W. 223.

Plaintiffs, as executors of the estate of John Birkholz, deceased, appealed from a judgment of the district court for Hennepin county, Montgomery, J., allowing defendant's claim against the estate of the decedent in the sum of $19,066.05. Affirmed.

*Fowler, Carlson, Furber & Johnson,* for appellants.

*Dodge & Palmer,* for respondent.

LEES, C.

This is an appeal from a judgment of the district court allowing the claim of the respondent against the estate of John Birkholz, deceased, in the sum of $19,066.05.

[1] On June 4, 1915, the decedent entered into a contract with respondent reciting that he and she were husband and wife but had separated and were living apart, that respondent had brought suit for a divorce, and that he and she desired to adjust their property rights in case a divorce was granted. Decedent accordingly promised to pay respondent $1,000 a month during her lifetime, to transfer to the Minneapolis Trust Company, as security for the payments, property of the value of $105,000 and, if at any time the value of the property fell below that amount, to substitute other property to maintain the value of the security in the sum mentioned. Respondent agreed that if a divorce were granted she would accept the monthly payments in lieu of alimony and would release decedent from a previous contract for her maintenance. A decree of divorce was entered a day later. The contract has been performed in all respects save that since the death of decedent in April, 1924, the stipulated payments to respondent have not been made.

Decedent's will was admitted to probate in May, 1924, and creditors were allowed six months within which to file their claims. Due notice of the order was given, the time to present claims expiring on November 27, 1924. On June 18, 1924, respondent duly filed a claim for $2,000 for the payments due on May 10 and June 10, and asked that provision be made for payments to become due in the future. On November 17, 1924, she filed a supplemental state-

ment showing that the amount then due was $5,177.75. The executors objected to the allowance of the claim on several grounds. On August 23, 1926, a second supplemental statement of the claim was presented to the probate court. It showed that the amount due was $19,066.05. On September 1, 1926, the probate court allowed the claim in that amount without prejudice to respondent's right to demand payment of sums falling due in the future. The executors appealed to the district court, where pleadings were made up, from which the foregoing facts appear. Respondent moved for judgment on the pleadings. The motion was granted and judgment entered, and the executors appealed.

Appellants contend that after the expiration of 18 months following the date of final publication of the notice to creditors payments which had become due within that period could not be allowed as claims against the estate. The contention cannot be sustained. Payments which fell due before the administration of the estate was closed could be made the basis of an allowable claim if, upon application to the probate court, leave was granted to present a claim therefor. Hunt v. Burns, 90 Minn. 172, 95 N. W. 1110; Ebert v. Whitney, 170 Minn. 102, 212 N. W. 29. The supplemental statements enlarged the amount claimed, but we know of no rule which forbids the filing of such statements without notice to the personal representatives.

This court has held that a contingent claim is one where the liability depends on some future event which may or may not happen and, therefore, makes it wholly uncertain whether there ever will be a liability. Hantzch v. Massolt, 61 Minn. 361, 364, 63 N. W. 1069; Fitzhugh v. Harrison, 75 Minn. 481, 489, 78 N. W. 95; Jorgenson v. Larson, 85 Minn. 134, 88 N. W. 439. Respondent's claim is founded on a contract which in effect provides for the payment of an annuity. She has a continuing rather than a contingent claim. A fixed income is to be paid to her for life and the corpus of the estate is chargeable with the payment thereof. True, the total amount required to meet the payments is uncertain, depending wholly on the duration of respondent's life, but that fact does not

make the claim a contingent one. We hold that the probate court acquired jurisdiction of the claim as a whole and has power to treat and dispose of it as a whole.

[2] On October 7, 1926, the trustee paid the respondent $897 out of the income of the trust estate. It is contended that appellants should have been given credit for this sum and that the order allowing the claim in full is erroneous. That which happened after the claim was allowed in the probate court could not be pleaded in the district court to obtain a modification of the order appealed from. The jurisdiction of the district court on appeal from the probate court is appellate only. A. L. Goetzmann Co. v. Gazett, supra, p. 68, and cases cited. If the order was right when made, it cannot be reversed on appeal.

[3] It is contended that respondent has a secured claim and that the judgment should provide that if the estate proves to be insolvent respondent must either waive dividends or the security of the trust estate. It has not been shown that the estate is insolvent and it is doubtful whether the trust estate is a security, as defined by G. S. 1923, § 8827, which the respondent has power to exhaust.

Other matters discussed in the briefs need not be mentioned. None of them affect the merits substantially.

We think it proper to call attention to the practice followed in disposing of the motion for judgment. Findings of fact and conclusions of law were made and filed. The motion admitted the truth of all facts well pleaded by the executors. Such a motion is in the nature of a demurrer and raises an issue of law only. State v. Schurz, 143 Minn. 218, 173 N. W. 408; 21 R. C. L. p. 594. It should be disposed of by an order. There is no occasion for findings. We are prompted to say this because in more than one instance we have recently encountered the anomalous practice which was followed here.

Judgment affirmed.