## OWNERS REALTY COMPANY *v.* LULA BAILEY ET AL.

[No. 33, January Term, 1929.]

*Decided March 21st, 1929.*

142

The cause was argued before BOND, C. J., PATTISON, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Walter C. Mylander,* with whom was *Nathan Patz* on the brief, for the appellant.

*Daniel B. Chambers* and *Benjamin Chambers,* submitting on brief, for Lula Bailey, appellee.

*Thomas H. Robinson, Attorney General,* and *Willis R. Jones, Assistant Attorney General,* submitting on brief, for the Industrial Accident Commission, appellee.

BOND, C. J., delivered the opinion of the Court.

This appeal is from a decree in equity, sustaining a demurrer, and dismissing a bill of complaint by an employer to restrain the State Industrial Accident Commission and the widow of a former employee from proceeding to enforce payment by the employer of compensation duly awarded and heretofore paid by an insurer, after that insurer has become insolvent and unable to continue payments. A case on appeal from the award originally made is reported in 153 Md. 274. It is averred in the bill that the insurance company was in good standing up to the time of the accident by reason of which the compensation became payable, and was approved by the Insurance Commissioner and the State Industrial Accident Commission. After the payments by the insurer had stopped, the employer was summoned to show cause to the commission, if any it had, why it should not itself carry on the payments previously required; and upon that the bill was filed.

Two questions are raised. The one principally argued is whether under the Workmen's Compensation Act of this State, article 101 of the Code, any liability for the payments required is rested upon an employer who has duly provided insurance as the act requires. Undoubtedly the act in many places contemplates payment only by the insurance carrier when there is insurance. By section 14, every employer is required to "pay or provide" compensation, and by section

he is required to "secure" compensation. Nowhere does the act in explicit terms render the employer liable to pay the compensation or see that it is paid at all events. And in section 58, which allows suit against a third person who may have caused the injury for which compensation has become payable, the employer mentioned as given the right to sue is specified as one who may sue: "if he is self-insured"; and it is argued that this is a limitation consistent only with a restriction of individual liability for compensation to such employers as are self-insured. Furthermore, it is pointed out that it was the purpose of the act to secure, by utilizing the aid of insurance, the payment of rates of compensation which would be beyond the abilities of some employers of small means if they should be required to pay directly; and from this, too, it is argued that freedom of insured employers from liability to pay directly must be intended.

But the court has been unable to agree in that view. The carrying of insurance for a payment of money would, we think, ordinarily imply an original, primary liability on the employer; and section 30 prescribes certain provisions to be contained in "every policy of insurance covering the liability of the employer for compensation." Section 37 requires that, in addition to the compensation, medical or surgical aid shall be provided by the employer, and that if it is not provided by him the injured employee may provide it at the employer's expense. And throughout proceedings for the allowance of compensation the employer is treated as a party in interest. Accidents must be reported to employers. Section 38. If arbitration is resorted to under section 40, the employers are to have representatives on arbitration committees. Insurance carriers are not specified in section 56, which provides for appeals; the right of appeal is given to "any employer, employee, beneficiary or person feeling aggrieved," and in practice employers and insurers combine in appeals. And we think the general understanding in Maryland has always been since the enactment that there was a continuing liability on employers who carried insurance. In the year following the adoption of the act this court, in

144

*Brenner v. Brenner,* 127 Md. 189, 194, said: "The persons concerned, and with whom the act had primarily to do, were the employer and the employee; the insurance carrier occupies the position of a surety for the employer, to secure fulfillment of any liability which may be determined to have arisen."

Counsel for both parties refer the court to a decision of the question in *American Fuel Co. v. Industrial Commission,* 55 Utah, 483, and, while there are some differences between the acts of that state and this, arguments by the Utah court on sections which are similar seem cogent.

This court is of opinion, then, that the action of the trial court in sustaining the demurrer and dismissing the bill of complaint was, for the reasons stated, correct, and that the decree must be affirmed.

It is argued on behalf of the State Industrial Accident Commission that, in order to raise its objections to the exaction of further compensation from it, the employer should have resorted to his right of appeal under the act from any further order by the commission, but this we need not decide.

*Decree affirmed, with costs to the appellee.*