JUNE STITZ AND OTHERS v. MARY G. RYAN AND OTHERS.[1]

August 3, 1934.

No. 29,913.

[1]Reported in 256 N. W. 173.

298

*Dell & Rosengren* and *E. C. Parker,* for appellants.

*Catherwood, Hughes & Alderson* and *Flor & Reim,* for respondents.

*HOLT, Justice.*

Plaintiffs appeal from the order sustaining a demurrer to the complaint.

The essential facts alleged in the complaint may be thus stated: Plaintiffs are the minor daughters of Leonard Stitz, who lost his life on May 2, 1927, in an accident arising out of and in the course of his employment by William J. Coleman. Compensation was awarded by the industrial commission to his widow and plaintiffs, his dependents. His widow remarried, and on June 17, 1931, the industrial commission fixed the compensation to plaintiffs at $13.20 weekly during their dependency. Such payments were made to them by the Federal Surety Company, the insurer of Coleman, until August, 1931, when they were suspended because of the insurer's insolvency. On September 15, 1932, the industrial commission commuted the instalments remaining unpaid and fixed the amount due plaintiffs at $3,815.15. Coleman, the employer of Leonard Stitz, died in September, 1928, testate, in this state. His estate was duly probated and a final decree entered June 2, 1930, distributing to defendants an estate of upwards of $50,000, and the executor was discharged July 17, 1930. Plaintiffs' claim was not filed against the estate of Coleman in the probate court. In this action they seek

to recover the commuted compensation from defendants, the distributees, to the extent of the assets received by them from the estate.

The determinative question is whether plaintiffs' claim was barred by 2 Mason Minn. St. 1927, § 8812, which reads:

"All claims against the estate of a decedent, arising upon contract, whether due, not due, or contingent, must be presented to the court for allowance, within the time fixed by the order, or be forever barred: Provided, that contingent claims arising on contract, which do not become absolute and capable of liquidation before final settlement, need not be so presented or allowed."

The contingent claims thus excepted may be asserted against the next of kin, legatees, or devisees of a decedent to the extent of the assets distributed to them. If the claim sued on was absolute and capable of liquidation while the estate of Coleman was being administered it is now barred, for final decree of distribution has been made and no attempt was made to present the claim when the probate court had jurisdiction of the estate. It is conceded that the award of compensation to plaintiffs is a claim which arose upon the contract of employment. The workmen's compensation act becomes a part of the contract of employment as to every employe and employer who come under the act. Accordingly, when Leonard Stitz was killed and the industrial commission awarded to plaintiffs the compensation alleged in the complaint, there came into existence an absolute obligation on the part of the employer Coleman and his insurer to pay that award. Under the compensation act, 1 Mason Minn. St. 1927, § 4285, the industrial commission possessed the authority to commute the weekly payments to one lump sum payment. And were it not for the insurance feature of the compensation law, it would seem almost imperative that in case of the death of the employer, after an award of periodic compensation, there should be a commutation to a lump sum payment, even though such commutation should be cautiously exercised while the employer is alive. State ex rel. Anseth v. District Court, 134 Minn. 16, 158 N. W. 713, L. R. A. 1916F, 957. Bolles v. Boyer, 141 Minn.

404, 170 N. W. 229, presents a case where the joint maker of a promissory note died some time before it became payable, and, in the administration of the estate, the holder filed it as a claim against the estate, which was allowed and paid by the plaintiff, the executor, who thereupon sued the other maker of the note for contribution, before it became due. It was held that when the maker of a not due promissory note dies the note matures into a provable claim against his estate. By analogy, the weekly compensation here payable in the future could readily have been commuted into one lump payment and have been allowed against Coleman's estate. Indeed, but for the insurance feature of the present compensation law, the only remedy plaintiffs had after Coleman's death was to be had against his estate. It may also be said that the award of compensation closely resembles the monthly allowance of alimony or maintenance to a divorced wife. In Minneapolis Trust Co. v. Birkholz, 172 Minn. 231, 215 N. W. 223, 224, it was held that a contract to pay a wife certain monthly payments for maintenance in lieu of alimony in case a divorce was granted was not a contingent claim, hence properly allowed against the estate of the husband. There it was said [172 Minn. 233]:

"This court has held that a contingent claim is one where the liability depends on some future event which may or may not happen and, therefore, makes it wholly uncertain whether there ever will be a liability. * * * Respondent's claim is founded on a contract which in effect provides for the payment of an annuity. She has a continuing rather than a contingent claim. A fixed income is to be paid to her for life and the corpus of the estate is chargeable with the payment thereof. True, the total amount required to meet the payments is uncertain, depending wholly on the duration of respondent's life, but that fact does not make the claim a contingent one. We hold that the probate court acquired jurisdiction of the claim as a whole and has power to treat and dispose of it as a whole."

So in Schmidt v. Grenzow, 162 Wis. 301, 156 N. W. 143, Ann. Cas. 1917B, 163, it was held that the distributees cannot be sued for a

deficiency judgment in a foreclosure where no claim was filed by the mortgagee against the estate of the mortgagor even though the mortgage debt was not due during the administration of the estate. It has also been held that such contingent claims as arise from stockholders' constitutional or statutory "double liability" become absolute by the act of assessment in the liquidation of an insolvent corporation, and if so assessed while a stockholder's estate is in process of administration must be presented and allowed therein by the probate court or be forever barred. Hunt v. Burns, 90 Minn. 172, 95 N. W. 1110; Ebert v. Whitney, 170 Minn. 102, 212 N. W. 29, 51 A. L. R. 711. After an award of compensation has been made by the industrial commission against an employer and his insurer, such award must be considered as absolute and as liquidated as any claim placed in judgment.

Plaintiffs contend that the liability of the insurer of an employer under the workmen's compensation act is primary and that of the employer secondary; that the latter's liability remains secondary until the insurer defaults in the payments of the award; that the liability of the employer is like that of a surety on an official bond, contingent until default of the principal. Counsel also maintain that, since the award was against both Coleman and his insurer, if one dies or becomes insolvent, the obligation to pay falls upon the one remaining and solvent; hence there is a contingency in the award. And to fortify these contentions they point to this language in § 4289 of the compensation act, dealing with compulsory insurance:

"Such policies must provide that the workman shall have an equitable lien upon any amount which shall become owing on account of such policy to the employer from the insurer, and in case of the legal incapacity or inability of the employer to receive the said amount and pay it over to the workman or dependents, the said insurer will pay the same direct to said workman or dependents, thereby discharging all obligations under the policy to the employer, and all of the obligations of the employer and insurer to the workman; but such policies shall contain no provision re-

lieving the insurance company from payment when the employer becomes insolvent or discharged in bankruptcy or otherwise, during the period the policy is in force, if the compensation remains owing."

The plan and theory of the workmen's compensation law is to obligate the employer to pay the employe or his dependents for disability or death from an accident arising out of and in the course of the employment. This obligation is placed on the employer alone and primarily. There is no way he can rid himself of that obligation after an award of compensation has been made. He then remains primarily liable for its payment. Because an insurer, for a premium paid, has agreed to pay the award, the employer's primary liability is not changed into a secondary liability. The requirement of insurance is only more securely to enforce the direct and primary obligation of the employer to pay the compensation awarded an employe or his dependents. It can never after such award is made become secondary. The provisions quoted from § 4289, and the whole purpose of §§ 4288 and 4289, were to compel an employer to carry insurance and to permit the employe or his dependents to proceed against both the employer and insurer, and in case there should arise some legal obstacle to proceeding against one, the other could be proceeded against alone. Section 4295 indicates a purpose not to release the employer from responsibility. There certainly is nothing in the law tending to change an award of compensation against the employer into a secondary obligation. It was primary against Coleman when made. It so remained when he died. In order that there can be any liability at all to plaintiffs on the award, enforceable either by claim in the probate court or by direct action against the distributees of his estate, there must have been a direct obligation resting upon the deceased himself. The insurer is liable only as the employer is liable and to the same extent. The declarations in the policy and in the statute which make the insurer liable directly to the employe or his dependents do not remove from the employer the primary liability to pay the compensation awarded. They only add thereto the additional lia-

bility of the insurer. The provisions for its direct enforcement by the employe or his dependents against the insurer were intended to obviate the circuity of action which has been found necessary to enforce the liability, in the interest of the injured person, of the carriers of ordinary liability insurance, as in Powers v. Wilson, 139 Minn. 309, 166 N. W. 401, and the cases therein cited.

At best the employer and his insurer are jointly and severally liable to the employe or his dependents upon a compensation award. Collins v. Murray, 164 Tenn. 580, 51 S. W. (2d) 834. American Fuel Co. v. Industrial Comm. 55 Utah, 483, 187 P. 633, 8 A. L. R. 1342, held that the theory of the workmen's compensation act was to make employer primarily responsible; that sometimes employer and insurance company have been held jointly and severally liable, but in all instances the liability of the employer is primary, not secondary, in its nature.

The language above quoted from § 4289 merely takes it for granted that as long as the employer labors under no legal incapacity he will collect the payments from the insurer and pay them over to the employe or his dependents. But regarding the employer and insurer as jointly liable it was nevertheless necessary to file the award against Coleman's estate. 2 Mason Minn. St. 1927, § 8820, provides when two or more persons are indebted upon a joint contract and one of them dies, his estate shall be liable therefor, and the amount thereof may be allowed by the probate court the same as though the contract had been joint or several.

No matter from whatever viewpoint the award against the employer, Coleman, may be considered, it was his primary, direct, and absolute obligation arising upon contract when he died. It was in no manner contingent, nor was he a surety of his insurer, nor was liability thereon secondary to that of the insurer, and it became barred when his estate was administered without its being presented or allowed therein.

The order is affirmed.