# IN RE ESTATE OF B. J. BORLAUG.[1]

December 17, 1937.

No. 31,410.

*Leach & Leach* and *W. T. Hanzal*, for appellants.

*Thomas Mohn* and *Horace W. Mohn*, for respondent Commissioner of Banks.

GALLAGHER, CHIEF JUSTICE.

B. J. Borlaug, a resident of this state, died testate January 28, 1925. His will was admitted to probate May 18, 1925, by the probate court for Goodhue county. On July 10 following, that court appointed the executors designated in the will, one of them being a son and heir of the testator, and made orders limiting the time to file claims to six months and limiting the time to settle the estate to 12 months. The hearing to determine claims was held February 8, 1926; no claims were filed. The estate, however, has not been settled since, nor has any final account been filed.

Testator at his death owned 62 shares of stock of the par value of $6,200 in the Farmers State Bank of Kenyon, Minnesota, which were not afterwards disposed of by his executors. In July, 1931,

[1]Reported in 276 N. W. 732.

the state commissioner of banks took over the business and assets of that bank for the purpose of liquidation. In September of that year that official assessed the stockholders of the bank to the extent of the par value of their stock. On January 18, 1932, the commissioner of banks made petition to the probate court for permission to file a claim in the sum of $6,200 against the estate and for allowance thereof. Notice of the petition and of the hearing to be held on it was given to the executors, but no notice was given to the heirs. On March 4, 1932, the probate court ordered that the time for filing claims be extended, and received and allowed the claim of the commissioner of banks.

A considerable time later the heirs other than the one who was executor learned of the claim and of the order allowing it and moved the probate court to vacate its order extending the time in which to file claims and allowing the claim filed by the commissioner of banks. Their petition was denied on October 31, 1934, and on appeal to the district court the order of the probate court was affirmed. From the judgment of the district court the appeal to this court is taken.

Appellants contend (1) that the probate court had no jurisdiction to receive and allow a contingent claim which did not become absolute until more than five years after the death of the testator; and (2) that if the probate court possessed jurisdiction, it abused its discretion in denying appellants' motion to set aside its order allowing the claim. Our disposition of the first contention makes unnecessary a discussion of the second one.

■ There are several statutory provisions pertaining to the filing and allowance of claims in probate court. 2 Mason Minn. St. 1927, § 8812, provides that all claims must be presented to the probate court for allowance within the time limited by the probate court for filing claims or be forever barred. Claims which are not so presented may be received and allowed by the probate court in the exercise of its discretion when they are presented within one year and six months of the time when notice of the order limiting time to file claims was given. § 8811. Contingent claims arising on con-

tract which do not become absolute within these periods, however, are not barred. § 8812.

A contingent claim is one where liability depends on some future event which may or may not occur so that the duty to pay may never become absolute. Minneapolis Trust Co. v. Birkholz, 172 Minn. 231, 215 N. W. 223. The double liability of a stockholder in a state bank is a claim arising on contract within the meaning of § 8812. In re Estate of Martin, 56 Minn. 420, 57 N. W. 1065. But this liability is contingent until an assessment is made by the commissioner of banks. Stitz v. Ryan, 192 Minn. 297, 256 N. W. 173, 94 A. L. R. 885; Ebert v. Whitney, 170 Minn. 102, 212 N. W. 29, 51 A. L. R. 771; Hunt v. Burns, 90 Minn. 172, 95 N. W. 1110. If a contingent claim becomes absolute within the time limited by the probate court for filing claims, it must be presented within that time or be barred. Fitzhugh v. Harrison, 75 Minn. 481, 78 N. W. 95; Jorgenson v. Larson, 85 Minn. 134, 88 N. W. 439; Stitz v. Ryan, 192 Minn. 297, 256 N. W. 173, 94 A. L. R. 885. If it matures within five years of the death of the stockholder, subsequent to the expiration of the period limited for filing claims, but prior to the settlement of the estate, it must be presented to the probate court for allowance or be barred. Hunt v. Burns, 90 Minn. 172, 95 N. W. 1110; Ebert v. Whitney, 170 Minn. 102, 212 N. W. 29, 51 A. L. R. 771.

Section 8815 provides that "no claim against a decedent shall be a charge upon his estate unless presented to the probate court for allowance within five years." In this case the claim with which we are concerned remained contingent until more than five years had elapsed from the time of the death of the testator. This court in In re Estate of Simons, 192 Minn. 43, 255 N. W. 241, held that "2 Mason Minn. St. 1927, § 8815, does not authorize a probate court to allow a claim against decedent's estate after the expiration of five years from his death where such claim during said five years remains contingent but becomes absolute prior to the distribution of the estate." Justice Holt speaking for the court in that case said [192 Minn. 47]: "The conclusion is inescapable that the probate court is prohibited from permitting a claim against an estate to be considered or allowed unless presented or filed within five

years from the death of the decedent." Here, as in the Simons case, the claim did not become absolute until more than five years after decedent's death but did become absolute prior to distribution of estate.

The probate court has exclusive original jurisdiction of the estate of deceased persons. Minn. Const. art. 6, § 7; In re Estate of Gilroy, 193 Minn. 349, 258 N. W. 584. But the manner in which that jurisdiction is exercised is subject to regulation by the legislature. In re Estate of Davidson, 168 Minn. 147, 210 N. W. 40. Thus the legislature may constitutionally limit the jurisdiction of the probate court to hear certain kinds of claims. In re Estate of Peterson, 198 Minn. 45, 268 N. W. 707. It may also limit the time to present claims. § 8809. A probate court does not have the power to extend the time for filing claims which become absolute during the period limited for filing claims beyond one year and six months from the time notice of the order was given. State ex rel. Scherber v. Probate Court, 145 Minn. 344, 177 N. W. 354, 11 A. L. R. 242. Nor may compliance with the statute be waived by a representative. Gilman v. Maxwell, 79 Minn. 377, 82 N. W. 669.

It is here contended that although it was error for the probate court to allow a claim barred by statute, the error did not go to the jurisdiction of the court and that the power of the court to vacate the order of allowance was exhaustive when the time to appeal therefrom expired. Some of our former decisions would seem to lend some basis for the conclusion reached by the probate and district courts. The question involved has not previously been before this court in the identical form now presented. In O'Brien v. Larson, 71 Minn. 371, 74 N. W. 148, 149, it was held that error of the probate court in allowing claims which were outlawed did not go to the jurisdiction of the court. That case involved a district court action for an injunction to prevent the administrator of an estate from selling real estate, the proceeds of which were to be used for the payment of the outlawed claims. It is to be noted, however, that the court therein said [71 Minn. 373]: "We need not consider whether, even if the judgments allowing the claims were absolutely void for want of jurisdiction, there would not still be an

adequate remedy in the probate court by motion to set them aside on that ground, and that for this reason injunction will not lie." The attack there was in a collateral proceeding and held to be ineffective.

In the case of Barrett v. Smith, 183 Minn. 431, 237 N. W. 15, it was held that the power of the district court to review and vacate an appealable order made before judgment or to permit a renewal or repetition of the motion is not lost because of the expiration of the time to appeal.

In Ritchie v. Sayers (C. C.) 100 F. 520, 532, there was involved a collateral attack upon a judgment. The court, after referring to the rule that the judgment of a court having jurisdiction of the parties and subject matter of the action is conclusive and cannot be collaterally called into question, said:

"That may be conceded. But the question is, did it have jurisdiction to enter the particular decree and judgment thereon that it did enter? As we have before seen, we reach the conclusion that the particular judgment could not be entered; and it is a wellsettled principle that, although a court may have jurisdiction of a case, yet, if it appears from the record that it did not have jurisdiction to enter the decree and the particular judgment thereon that it did enter, then that decree and judgment may be collaterally impeached."

In the instant case, while the probate court had jurisdiction of the *res, i. e.,* the estate of decedent, it nevertheless did not have jurisdiction; hence, neither right nor power to entertain the petition for leave to file this claim, or to allow it when filed. The power of receiving and allowing claims is not an authority essential to the administration of estates. It is not conferred upon the court by the constitution but is granted by the legislature. That power is limited to the bounds with which the legislature circumscribes it. It follows as a consequence that permitting a party to file a claim after the time prescribed by statute or allowing a claim so filed is an attempted exercise by the probate court of authority which has

not been granted either by the constitution or by the legislature and is therefore void.

If the probate court attempted to quiet title to real estate in a proceeding pending before it, no one would claim that the decree or judgment attempted would be valid, even though the probate court had jurisdiction of the property and of the parties in the probate proceeding. If it attempted to grant a divorce it would not be claimed that a valid order could be. made regardless of the fact that the parties attempted to submit themselves to the jurisdiction of the court. We therefore hold that the probate court lacked the power to permit the filing of the outlawed claim and lacked the power to allow the claim so filed. Its action in so doing was invalid and subject to direct attack even after the time for review by appeal or motion had expired.

The judgment appealed from is reversed.